**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD., <br>                  *Plaintiff*, <br><br>               v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; ALEJANDRO N. MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; and TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*, <br>                  *Defendants*. | Court No. 24-00048 |

## STIPULATED PROTECTIVE ORDER

1.      For purposes of this Protective Order, "Confidential Information" means information, data, and documents the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one of the following categories of information: (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, or applicable regulations, or directives from the Government concerning classified or other similarly sensitive information; (3) law enforcement sensitive information or other similarly sensitive government information, including information designated as "for official use only"; (4) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; and

(5) other confidential research, development, or commercial information as set forth in USCIT Rule 26(c)(1)(G).

2.    This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties.  This Protective Order does not restrict in any manner a party's use of its own Confidential Information.

3.    Counsel agree to treat the information contained in the Confidential Information portion of the administrative record and any filings made in this case as confidential to the extent such information is not otherwise available in the public portion of the administrative record, subject to the rights to modify this protective order or challenge the designation of materials as confidential set forth in paragraphs 14, 15, and 16.

4.    Counsel shall be permitted to have access to and retain for the duration of this litigation (including any remand and appeals therefrom) all materials released under this Protective Order.

5.    Except as otherwise provided for in this Protective Order, counsel shall not disclose the Confidential Information to anyone other than personnel actively assisting in this litigation. Personnel include, but are not limited to, paralegals and support staff who are employees of Plaintiff's law firm or the Department of Justice, and experts, consultants, investigators, or similar personnel engaged by counsel to assist with the litigation, as well as representatives from the Government agencies.  With respect to all paralegals and support staff who are employees of plaintiff's counsel's law firm, and experts, consultants, investigators, or similar personnel engaged by plaintiff's counsel to assist with the litigation, plaintiff's counsel shall cause all such personnel authorized to see the Confidential Information to sign a statement of acknowledgment that the

2

Confidential Information will not be disclosed to anyone other than authorized personnel within their law firm.

6.    Except as otherwise provided in this Protective Order, all persons subject to this Protective Order shall neither disclose any of the Confidential Information nor use it for purposes other than the conduct of this litigation.  The term "this litigation" when used in this Protective Order shall refer to the above-referenced action, and any remand proceedings ordered by the Court in this action, as well as any subsequent appeal of this action.

7.    In no event shall disclosure of the Confidential Information covered by this Protective Order be made to anyone (including any officer, director, shareholder, or employee of the Plaintiff or any other interested party) other than counsel named in this Protective Order and other persons subject to the Protective Order pursuant to paragraphs 3 to 5 above.

8.    Nothing in this Protective Order shall be interpreted as limiting the right of counsel to disclose to their client information which was originally submitted by that client, whether the information appears in a submission of the client or in a submission of a party other than the client (provided that, in the latter case, all confidential information of a party other than the client has been redacted from the document prior to inspection by the client).

9.    All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order.  A party, or a party's attorney, waives the protection of this Protective Order as to the information of the party or that of the party's affiliate (including the information of the plaintiff's importer), when it files such information without redaction and not under seal.  This provision applies to any information disclosed in a public filing made before this Protective Order was issued, including but not limited to the complaint in this action.  The Parties agree to follow U.S. Court of International Trade Rule

26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

10.    Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

11.    Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

12.    Counsel shall endeavor to avoid the use of Confidential Information in any oral proceeding before this court, including oral argument.  If any counsel find it necessary to refer to Confidential Information in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent, and shall propose whatever mechanism may be available and appropriate to prevent disclosure of Confidential Information to persons other than those authorized by this Protective Order.

13.    Any documents, including briefs and memoranda, containing any of the Confidential Information, which are filed with the Court in any of the above-referenced action, shall be conspicuously marked as containing "Confidential Information" that is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have

access, and counsel for the parties, to the extent they have obtained access to the information involved under Protective Order.

14.    Upon final conclusion of this litigation, including such appellate review as may occur, documents designated as confidential and all copies of same (other than exhibits of record) will be destroyed by the receiving party; or alternatively, if requested by the producing party, such documents and copies (other than exhibits of record) will be returned to the producing party at their request, other than copies containing work notes of counsel or other authorized persons, which will be destroyed.

15.    Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order.  The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

16.    If a dispute arises concerning the designation of any Confidential Information, the parties agree that they shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

17.     If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Confidential Information under this Protective Order, a party may apply to or move the Court for an *in camera* determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure.   The Designating Party shall be given notice of the application or motion and a reasonable opportunity to respond.   Material designated as Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise. The burden rests on the Designating Party to demonstrate that the designation is proper


SO ORDERED:


Dated:_____, 2024    _____
        New York, New York

6