IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD.,<br><br>              Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED  STATES CUSTOMS AND BORDER PROTECTION; ALEJANDRO N. MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; and TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*,<br>              Defendants. | Court No. 24-00048<br><br>**NON-CONFIDENTIAL VERSION** |

## <u>ORDER</u>

Upon reading defendants' motion to dismiss, plaintiff's response thereto, and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that defendants' motion be, and hereby is, granted; and it is further

ORDERED that this action is dismissed with prejudice.

_____
CLAIRE R. KELLY, JUDGE

Dated: _____, 2024
       New York, New York

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD.,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; ALEJANDRO N. MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; and TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*,<br>            Defendants. | Court No. 24-00048<br><br>**NON-CONFIDENTIAL VERSION** |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SUPPORTING MEMORANDUM**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 2

BACKGROUND .................................................................................................................. 3

   I.    Legal Background: 19 U.S.C. 1307 And Its Implementing Regulations ......................... 3

   II.   Statement Of Facts ...................................................................................................... 7

SUMMARY OF ARGUMENT ........................................................................................... 10

ARGUMENT ...................................................................................................................... 11

   I.    Standard Of Review .................................................................................................. 11

   II.   This Action Should Be Dismissed Because Jiaxing Hoshine Lacks Standing .............. 12

       A.  Jiaxing Hoshine Cannot Establish Statutory Standing .............................................. 13

       B.  Jiaxing Hoshine Cannot Establish Constitutional Standing ...................................... 16

          1.   Jiaxing Hoshine's Vague Allegations Regarding Economic Harm Do
             Not Suffice To Establish Constitutional Standing ................................................... 17

          2.   Jiaxing Hoshine Has No Legally Protected Interest In The Continued
             Importation Of Products And Thus Cannot Establish Standing From
             The Inability To Import Goods ................................................................................. 20

          3.   Jiaxing Hoshine's Alleged Reputational Harm Is Not Sufficiently
             Concrete Injury ..................................................................................................... 21

   III.   Count One Of The Complaint Should Be Dismissed As Untimely ............................. 22

CONCLUSION ................................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*A Classic Time v. United States*,
123 F.3d 1475 (Fed. Cir. 1997) ................................................................................................ 14

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006) ................................................................................................................. 12

*Arjay Associates, Inc. v. Reagan*,
707 F. Supp. 1346 (Ct. Int'l Trade 1989) ................................................................................ 19

*Arjay Assocs., Inc. v. Bush*
891 F.2d 894 (Fed. Cir. 1989) ........................................................................................... 19, 20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................. 12

*Association of Data Processing Serv. Orgs., Inc.*,
397 U.S. 150 (1970) ................................................................................................................. 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................. 12

*Bennett v. Spear*,
520 U.S. 154 (1997) ................................................................................................................. 13

*Browning v. Clinton*,
292 F.3d 235 (D.C. Cir. 2002) ................................................................................................. 12

*China Diesel Imports, Inc. v. United States*,
855 F. Supp. 380 (Ct. Int'l Trade 1994) .................................................................................... 7

*Clarke v. Sec. Indus. Ass'n*,
479 U.S. 388 ........................................................................................................................ 13, 15

*Czyzewski v. Jevic Holding Corp.*,
580 U.S. 451 (2017) ................................................................................................................. 17

*Design Int'l Grp., Inc. v. United States*,
113 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) ........................................................................... 12

*Environment One Corp. v. United States*,
627 F. Supp. 3d 1349 (Ct. Int'l Trade 2023) ........................................................................... 12

*Gilda Indus., Inc. v. United States*,
446 F.3d 1271 (Fed. Cir. 2006) ............................................................................................... 14

*Grace v. American Central Ins. Co.*,
109 U.S. 278 (1883) ............................................................................................ 16

*Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*,
938 F.3d 1355 (Fed. Cir. 2019) ......................................................................... 12

*Int'l Custom Prods., Inc. v. United States*,
791 F.3d 1329 (Fed. Cir. 2015) ......................................................................... 14

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014) ................................................................................ 13, 14, 15

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
925 F.3d 1225 (Fed. Cir. 2019) ......................................................................... 15

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ...................................................................................... 16, 17

*Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians v. Patchak*,
567 U.S. 209 (2012) ...................................................................................... 13, 14

*McGowan v. Maryland*,
366 U.S. 420 (1961) ............................................................................................ 17

*McKinney v. U.S. Department of Treasury*,
799 F.2d 1544 (Fed. Cir. 1986) ...................................................................... 4, 14

*McNaught v. Nolen*,
76 F.4th 764 (8th Cir. 2023) .............................................................................. 21

*McNutt v. General Motors Acceptance Corp.*,
298 U.S. 178 (1936) ............................................................................................ 16

*Military-Veterans Advoc. v. Sec'y of Veterans*,
*Affs.*, 7 F.4th 1110 (Fed. Cir. 2021) ................................................................. 16

*Ninestar Corp. v. United States*,
687 F. Supp. 3d 1308 (Ct. Int'l Trade 2024) ...................................................... 6

*Norwegian Nitrogen Prods. v. United States*,
288 U.S. 294 (1933) ............................................................................................ 14

*Pinkert v. Schwab Charitable Fund*,
48 F.4th 1051 (9th Cir. 2022) ............................................................................ 21

*Simon v. E. Kentucky Welfare Rts. Org.*,
426 U.S. 26 (1976) .............................................................................................. 19

*TransUnion LLC v. Ramirez,*
594 U.S. 413 (2021) ...................................................................................... 21

*United Pac. Ins. Co. v. United States,*
464 F.3d 1325 (Fed. Cir. 2006) ..................................................................... 12

*United States v. Cotton,*
535 U.S. 625 (2002) ...................................................................................... 11

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.,*
435 U.S. 519 (1978) ...................................................................................... 14

*Warth v. Seldin,*
422 U.S. 490 (1975) ...................................................................................... 16

**Statutes**

5 U.S.C. § 706(1) .......................................................................................... 10

19 U.S.C. § 1307 ..................................................................................... *passim*

19 U.S.C. § 1499 ............................................................................................. 4

19 U.S.C. § 1514(a)(4) .................................................................................. 2, 6

19 U.S.C. § 1516a ......................................................................................... 15

19 U.S.C. § 1677(9) ...................................................................................... 15

19 U.S.C. § 2071 ............................................................................................. 4

28 U.S.C. § 1581(i) ....................................................................................... 22

28 U.S.C. § 1581(a) ................................................................................. 2, 6, 7

28 U.S.C. § 1581(c) ...................................................................................... 15

28 U.S.C. § 1581(i)(1)(C) .......................................................................... 3, 10

28 U.S.C. § 2636(i) ....................................................................................... 22

**Rules**

Rule 12(b)(1) ................................................................................................... 1

Rule 12(b)(6) ...................................................................................... 1, 12, 16

**Regulations**

19 C.F.R. Part 151 ......................................................................................................... 4

19 C.F.R. §§ 12.42(a)-(b) .............................................................................................. 4

19 C.F.R. § 12.42(d) ...................................................................................................... 5

19 C.F.R. § 12.42(e) ................................................................................................... 5, 6

19 C.F.R. §§ 12.42-12.44 .............................................................................................. 4

19 C.F.R. § 12.43 ........................................................................................................... 6

19 C.F.R. § 12.43(a) .................................................................................................... 10

19 C.F.R. § 12.44 ....................................................................................................... 4, 6

19 C.F.R. § 12.44(a) ...................................................................................................... 6

19 C.F.R. § 174.12(e)(2) ............................................................................................... 6

19 C.F.R. Part 174 ......................................................................................................... 6

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; ALEJANDRO N. MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; and TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*,<br><br>        Defendants. | Court No. 24-00048<br><br>**NON-CONFIDENTIAL VERSION** |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND <u>SUPPORTING MEMORANDUM</u>**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade (USCIT R.), defendants, the United States, U.S. Department of Homeland Security, U.S. Customs and Border Protection (CBP), Alejandro Mayorkas, Secretary, and Troy A. Miller, Senior Official Performing the Duties of the Commissioner, respectfully request that the Court dismiss this action filed by plaintiff, Hoshine Silicon (Jia Xing) Industry Co., Ltd. (Jiaxing Hoshine), for lack of jurisdiction and failure to state a claim for which relief can be granted.

**INTRODUCTION**

Section 1307 of Title 19 prohibits the importation and entry of merchandise manufactured by forced labor.  The statute was enacted to protect domestic producers and workers from unfair competition resulting from the importation of foreign products produced by forced labor. Congress delegated to CBP the authority to devise a system to enforce the statutory prohibition and CBP has implemented regulations to carry out the statute's objectives and investigate whether prohibited merchandise is being imported.

If CBP finds information that "reasonably but not conclusively" indicates that prohibited merchandise is being, or is likely to be, imported, CBP is authorized to issue what is known as a "withhold release order" (WRO).  Once CBP detains the merchandise, importers have a chance to provide evidence demonstrating that the detained merchandise is not actually subject to the WRO or that it is not produced with forced labor.  If the evidence does not establish admissibility, CBP excludes the merchandise from entry.  An exclusion decision can be protested under 19 U.S.C. § 1514(a)(4) by the importer (but not the foreign manufacturer), and then CBP's protest decision can be reviewed by this Court under 28 U.S.C. § 1581(a).

CBP offers an informal opportunity to parties, including foreign manufacturers, to request a modification or revocation of the WRO if all indicators of forced labor are remediated or if it is demonstrated that forced labor was not used.  Modification and revocation are not required by the statute or regulations, but are processes by which CBP may suspend enforcement of a WRO or remove a foreign entity from the scope of a WRO, respectively.

In June 2021, CBP issued a WRO on silica-based products made by the Chinese company Hoshine Silicon and its subsidiaries.  Plaintiff, Jiaxing Hoshine, is one of Hoshine Silicon's subsidiaries.  Jiaxing Hoshine and CBP subsequently discussed the order, including

whether it should be modified, for two years, and in September 2023, Jiaxing Hoshine requested

that CBP modify the WRO to exclude Jiaxing Hoshine's specific supply chain.  CBP denied that

request but notified Jiaxing Hoshine that the WRO did not prevent Jiaxing Hoshine from

working with its importers to demonstrate the admissibility of any specific imports.  Rather than

pursuing this approach, Jiaxing Hoshine filed the instant action alleging jurisdiction under 28

U.S.C. § 1581(i)(1)(C).

As discussed below, Jiaxing Hoshine's complaint should be dismissed because Jiaxing

Hoshine, a foreign manufacturer, lacks both statutory and constitutional standing to challenge the

WRO at issue.  Section 1307 exists to protect domestic industries from unfair competition

resulting from forced labor and, unlike other statutory schemes intended to protect the domestic

industry, section 1307 gives no rights to foreign manufacturers like plaintiff.  Additionally,

Jiaxing Hoshine's alleged harms fail to demonstrate that Jiaxing Hoshine has suffered a concrete

injury sufficient for constitutional standing, or that any such alleged harm is fairly traceable to

CBP's lawful exercise of its enforcement authorities.  Finally, Count I of the complaint should be

dismissed because it is untimely.

## **BACKGROUND**

### I.    **Legal Background: 19 U.S.C. § 1307 And Its Implementing Regulations**

Congress prohibits the importation and entry into the United States of "[a]ll goods . . .

produced, or manufactured wholly or in part in any foreign country by convict labor or/and

forced labor or/and indentured labor under penal sanctions[.]"  19 U.S.C. § 1307.  The language

Congress chose is forceful:  such goods "shall not be entitled to entry at any of the ports of the

United States," and import of such goods is "prohibited."  *Id.*  All entries of merchandise are

subject to examination, on an entry-by-entry basis, by CBP, pursuant to CBP's authority under 19 U.S.C. § 1499 and 19 C.F.R. Part 151.

The statute's legislative history makes clear that Congress's primary intent in enacting section 1307 was to protect American producers and manufacturers from foreign competition that is aided by the use of forced labor. *See generally McKinney v. U.S. Department of Treasury*, 799 F.2d 1544 (Fed. Cir. 1986) (dismissing for lack of standing an action brought by certain members of Congress, labor unions, and other organizations challenging Customs Service's denial of a petition alleging that goods imported into the United States from the Soviet Union were produced with forced labor). As the Federal Circuit explained, section 1307 was "enacted by Congress to *protect* domestic producers, production, and workers from the unfair competition which would result from the importation of foreign products produced by forced labor." *Id*. at 1552 (emphasis in original).

Congress specifically "authorized and directed" CBP to implement regulations to enforce the statute.[1] 19 U.S.C. § 1307. CBP's implementing regulations can be found at 19 C.F.R. §§ 12.42-12.44. Under those regulations, CBP's ultimate decision whether merchandise must be "prohibited" under the statute involves a multi-step process. In the first step, CBP undertakes an investigation if it has "reason to believe" that prohibited merchandise is "being, or is likely to be, imported into the United States." 19 C.F.R. §§ 12.42(a)-(b). The investigation can begin either on CBP's initiation or in response to information received from outside of CBP. *Id.* CBP's investigation includes "consider[ation of] any representations offered by foreign interests,

---

[1] The statute authorizes and directs the Secretary of the Treasury to develop enforcement regulations, 19 U.S.C. § 1307, and pursuant to 19 U.S.C. § 2071 and Reorganization Plan No. 26 of 1950 (15 F.R. 4935), the Secretary of the Treasury delegated authority to the United States Customs Service, now CBP, to issue regulations under Section 1307.

importers, domestic producers, or other interested persons."  19 C.F.R.§ 12.42(d) (conditions and guidance for the CBP investigation).  In determining whether forced labor is present, CBP considers the International Labour Organization's 11 forced labor indicators:  Abuse of Vulnerability, Deception, Restriction of Movement, Isolation, Physical and Sexual Violence, Intimidation and Threats, Retention of Identity Documents, Withholding of Wages, Debt Bondage, Abusive Working and Living Conditions, and Excessive Overtime.[2]

If, during the course of its investigation, "CBP finds at any time that information available reasonably but not conclusively indicates that merchandise within the purview of section 307 is being, or is likely to be, imported," CBP may issue a WRO, and advise port directors to detain such merchandise.  19 C.F.R. § 12.42(e).  Although the regulations require only that CBP communicate the WRO to port directors, *id.*, CBP also publishes notice of its WROs on its website.[3]  This serves to notify those whose merchandise is subject to a WRO (including foreign producers and their importers) that attempted imports of such merchandise will be detained at U.S. ports.  At this point in the process, merchandise is not excluded from entry.  Instead, there are different paths available for relief from the WRO.

CBP offers a process, not required by statute or regulation, for foreign manufacturers that believe they should not be subject to the WRO.  Specifically, if CBP issues a WRO against a specific good or goods produced by a particular entity, the entity can request a modification or revocation of the decision.  A modification is a determination by CBP that the foreign entity

---

[2]  These indicators are discussed on CBP's website "Forced Labor," https://www.cbp.gov/trade/forced-labor (last accessed May 6, 2024).

[3]  Available at https://www.cbp.gov/trade/forced-labor/withhold-release-orders-and-findings.

subject to the WRO has remediated all indicators of forced labor, after the entity has provided

sufficient documentation to demonstrate full remediation. *See* "How are WRO and/or finding

modifications and revocations processed?"[4]  A revocation is a removal of an entity from the

scope of a WRO once it has demonstrated that it has not engaged in forced labor. *Id.*  The

processes for modifying or revoking a WRO are detailed on CBP's Forced Labor website. *See*

*id.*  This is the conclusion of available options for foreign entities who are not willing to

coordinate with importers to seek an admissibility determination on specific entries of

merchandise.

An additional process exists for importers to obtain a final decision from CBP whether a

particular entry should be excluded or admitted.  For shipments that have been detained under a

WRO, importers can submit evidence demonstrating that the goods were not made with forced

labor and thus are admissible into the United States. *See generally id.* §§ 12.42(e), 12.43, 12.44.

If the evidence submitted does not establish the admissibility of the merchandise, or if none is

provided, CBP will exclude the entry. *Id.* § 12.44(a).  Importers (but not foreign manufacturers)

are among those who can protest CBP's exclusion of merchandise within 180 days of the

decision.  19 U.S.C. § 1514(a)(4); 19 C.F.R. § 174.12(e)(2).  This Court exercises jurisdiction

over challenges to CBP protest decisions under 28 U.S.C. § 1581(a). *See, e.g.*, *Ninestar Corp. v.*

*United States*, 687 F. Supp. 3d 1308, 1318 (Ct. Int'l Trade 2024) (an importer may challenge a

Customs decision to exclude merchandise after the importer's attempted showing of

admissibility by filing a protest under 19 U.S.C. § 1514(a)(4) and 19 C.F.R. part 174); *Virtus*

*Nutrition LLC v. U.S.*, 606 F. Supp. 3d 1360 (Ct. Int'l Trade 2022) (granting voluntary dismissal

---

[4]  Available at https://www.cbp.gov/sites/default/files/assets/documents/2023-
Nov/How%20are%20WRO%20and%20or%20finding%20modifications_0.pdf.

of section 1581(a) action contesting CBP's denial of importer's protest against exclusion of

certain palm oil products from Malaysia); *China Diesel Imports, Inc. v. United States*, 855 F.

Supp. 380, 383-85 (Ct. Int'l Trade 1994) (jurisdiction under section 1581(a) over importer's

claim protesting CBP's exclusion of its goods pursuant to its forced labor enforcement authority).

## II.    <u>Statement Of Facts</u>

In June 2021, CBP issued a WRO on silica-based products made by Hoshine Silicon

Industry Co., Ltd. (Hoshine) and its subsidiaries.  Confidential Complaint, ¶ 3 (citing U.S.

Customs and Border Protection, Withhold Release Orders and Findings List,

https://www.cbp.gov/trade/forced-labor/withhold-release-orders-and-findings (last accessed on

August 22, 2024) (Hoshine WRO); Attachment 1.[5]  The Hoshine WRO "applies to silica-based

products made by Hoshine and its subsidiaries as well as to materials and goods (such as

polysilicon) derived from or produced using those silica-based products, regardless of where the

materials and final goods are produced."  *See* Compl. ¶ 3; Attachment 1; Attachment 2 (CBP

FAQ for the Hoshine WRO).[6]  The scope of the Hoshine WRO includes but is not limited to:

1. Component Materials – silicon, including metallurgic grade silicon, silicon oxide and certain silicones in primary forms;

2. Intermediate Goods – additives for aluminum alloys and concrete, integrated circuits, and semiconductor devices;

3. Finished Goods – adhesives, electronics, lubricants, photovoltaic cells, solar generators, solar panels, and parts thereof.

---

[5] Available at https://www.cbp.gov/newsroom/national-media-release/department-homeland-security-issues-withhold-release-order-silica, and provided as Attachment 1 to this motion for the Court's reference.

[6] Available at https://www.cbp.gov/trade/programs-administration/forced-labor/hoshine-silicon-industry-co-ltd-withhold-release-order-frequently-asked-question, and provided as Attachment 2 to this motion for the Court's reference.

Attachment 3.

The Hoshine WRO was "based on information reasonably indicating that Hoshine uses forced labor to manufacture silica-based products." Attachment 1. It "was issued following an investigation into silica-based products imported into the United States from the Xinjiang region . . . in which CBP identified two of the International Labour Organization's indicators of forced labor in Hoshine's production process: intimidation and threats, and restriction of movement." *Id.*

Jiaxing Hoshine is a wholly owned subsidiary of Hoshine. Compl. ¶ 13. According to the complaint, "[t]he principal products made by Jiaxing Hoshine include silicone, silicone gum, precipitated silicone rubber, fumed silicone rubber, siloxane, and room temperature vulcanized silicone rubber." *Id.* Also, according to the complaint, Jiaxing Hoshine's entire supply chain is located outside of Xinjiang Province, *id.*, although the complaint does not include information about the supply chain of the Hoshine parent company or other subsidiaries, or specifics about how Jiaxing Hoshine's business is related to the parent and other subsidiaries (shared funds, etc.). The complaint also does not include any facts about how Jiaxing Hoshine obtains or produces its silicone, which is a silica-based product, nor does it allege that the silicones it produces are not "certain silicones in primary form."

Jiaxing Hoshine objected to its inclusion in the WRO, and from 2021 to 2023, Jiaxing Hoshine and CBP officials met and exchanged communications about the Hoshine WRO and the modification process. Compl. ¶¶ 36-38. On September 12, 2023, Jiaxing Hoshine submitted a modification request, asking CBP to remove Jiaxing Hoshine's supply chain for silicone production from the Hoshine WRO. *Id.* ¶ 39; Modification Request, Compl., Exhibit 1 at 4. Jiaxing Hoshine alleges that the modification request contained evidence that its particular

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

supply chain is outside of Xinjiang Province and is free of forced labor.  Compl. ¶ 39; Exhibit 1 at 4-12.

Specifically, the modification request stated that the parent company, Hoshine Silicon, purportedly has [[ ███████████████████████████████████████ ███████████████████████████████████████████ ]]

Modification request, Compl., Exhibit 1 at 4.  The modification request also stated that [[ █ ██████████████████████████████████████████████████ ██████████████████████████ ]] *Id.*  The request describes [[ ██████████████████████████████████████████ ████████ ]] *Id.*[7]  Beyond that, however, and other than a general statement of disagreement with CBP's claims that Hoshine Silicon and its subsidiaries have used forced labor in their production processes, the modification request did not address the supply chains of the Hoshine parent company or other Hoshine subsidiaries, including Jiaxing Hoshine.

By letter dated November 3, 2023, CBP denied Jiaxing Hoshine's request to modify the WRO.  Compl. ¶ 9; Compl., Exhibit 2.  CBP stated that [[ ████████████████████ ████████████████████████████████████████████████ ████████████████████████████ ]] "companies subject to a WRO are to demonstrate full remediation of all forced labor indicators present at all company locations subject to the WRO."  Compl. ¶¶ 9, 40; Compl., Exhibit 2; *see also* Compl. ¶ 10 (referencing CBP's guidance that a party subject to a WRO must demonstrate to CBP that the

---

[7]  The modification request references several exhibits that were submitted with the request but which are not attached to the complaint in this case.

party listed in the WRO has remediated all indicators of forced labor).[8]  CBP further explained

that if Jiaxing Hoshine's position is that its supply chain is not subject to the WRO, it has a

remedy:



Compl., Exhibit 2.

Jiaxing Hoshine filed this action on February 20, 2024, under 28 U.S.C. § 1581(i)(1)(C),

contending that CBP acted arbitrarily and capriciously and violated the Administrative Procedure

Act (APA), 5 U.S.C. § 706(1), when it issued the Hoshine WRO and when it denied Jiaxing

Hoshine's modification request.  Compl. ¶¶ 22-23, 46-55.  The complaint has two counts—Count

One challenges the WRO, and Count Two challenges the modification denial.  *Id.* ¶¶ 46-55.

## SUMMARY OF ARGUMENT

Jiaxing Hoshine lacks both statutory and constitutional standing to pursue its claims.  The

purpose of the enactment and amendment underlying section 1307 makes clear that Congress did

not intend to give a foreign manufacturer a cause of action against the enforcement of section

1307.  Indeed, it is axiomatic that no one has a right to import, or even engage in international

trade, and that the only rights afforded to plaintiffs are those conferred by the statute.

Jiaxing Hoshine is unable to demonstrate statutory standing because it does not fall

within the zone of interests protected by 19 U.S.C. § 1307.  This provision was passed to protect

---

[8]  "How are WRO and/or finding modifications and revocations processed?," available at
https://www.cbp.gov/sites/default/files/assets/documents/2023-
Nov/How%20are%20WRO%20and%20or%20finding%20modifications_0.pdf, and provided as
Attachment 3 to this motion for the Court's reference.

domestic producers and workers from unfair competition and was later amended[9] to ensure that consumer demand could never override the statute's protection for domestic producers and workers.  It affords no rights to foreign manufacturers.

Jiaxing Hoshine also lacks constitutional standing.  Jiaxing Hoshine's claimed economic harms are based on the apparent business decisions of its customers, and this connection is too attenuated, and the alleged economic harms entirely too vague, to demonstrate that Jiaxing Hoshine has suffered a concrete economic injury sufficient for standing.  Jiaxing Hoshine also cannot demonstrate harm from being unable to import because it has not shown that its goods are inadmissible.  In fact, CBP advised Jiaxing Hoshine to work with its importers to demonstrate admissibility, which Jiaxing Hoshine has elected not to do.  Jiaxing Hoshine's bare conclusions of reputational harm are likewise facially insufficient to establish the type of harm required for standing purposes.  And with no showing that Jiaxing Hoshine's alleged injuries are fairly traceable to CBP's lawful exercise of its enforcement authorities, Jiaxing Hoshine fails to demonstrate either the required causation or redressability necessary to establish standing.

Finally, even if the Court concludes that Jiaxing Hoshine has standing to assert its claims, it should still dismiss Count I because it is untimely.

## **ARGUMENT**

## I.  **Standard Of Review**

Subject-matter jurisdiction "involves a court's power to hear a case, [and] can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  "The objection that a

---

[9]  With the passage of the Trade Facilitation and Trade Enforcement Act of 2015 (TFTEA), the "consumptive demand" exception was eliminated from 19 U.S.C. § 1307.  This exception had removed goods produced by foreign forced labor from the import prohibition if the goods were not produced "in such quantities in the United States as to meet the consumptive demands of the United States."

federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  A plaintiff bears the burden to demonstrate that subject-matter jurisdiction exists. *Design Int'l Grp., Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Int'l Trade 2015) (citations omitted).  Whether jurisdiction exists is a question of law for the Court.  *Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*, 938 F.3d 1355, 1360 (Fed. Cir. 2019) (citation omitted).

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy.  *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006).  The motion "tests the legal sufficiency of a complaint," *see Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which should be dismissed if it fails to present a legally cognizable right of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In deciding a motion to dismiss for a failure to state a claim, the Court must determine whether, accepting all factual allegations as true, and ignoring conclusory allegations, the complaint plausibly states a claim for relief.  *Iqbal*, 556 U.S. at 678.  Mere "possibility" that a defendant acted unlawfully does not suffice.  *Id.*; *see Environment One Corp. v. United States*, 627 F. Supp. 3d 1349, 1361–62 (Ct. Int'l Trade 2023) (applying *Twombly* and *Iqbal* on a USCIT Rule 12(b)(6) motion to dismiss).

## II.    <u>This Action Should Be Dismissed Because Jiaxing Hoshine Lacks Standing</u>

This complaint should be dismissed because Jiaxing Hoshine does not possess either the statutory or constitutional standing necessary to maintain its claim.  Importantly, standing

involves constitutional limitations on federal court jurisdiction as well as statutory limitations on its exercise. *Bennett v. Spear*, 520 U.S. 154, 162 (1997); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014). Here, Jiaxing Hoshine cannot demonstrate that it falls within the zone of interests protected by 19 U.S.C. § 1307 to secure statutory standing and therefore the complaint fails to state a claim on which relief can be granted. Jiaxing Hoshine also cannot demonstrate either sufficient injury or causation and redress to meet constitutional standing, and the complaint can alternatively be dismissed for lack of jurisdiction.

### A. **Jiaxing Hoshine Cannot Establish Statutory Standing**

Jiaxing Hoshine lacks statutory standing because, as a foreign manufacturer of goods potentially restricted from entry into the United States by 19 U.S.C. § 1307, it cannot demonstrate that it falls within the zone of interests protected by that statute.

The zone of interests analysis is designed to limit suits under statutorily granted causes of action to those who have actually been injured. To accomplish this objective, courts are required to "ask[] whether this particular class of persons ha[s] a right to sue under this substantive statute" using "traditional principles of statutory interpretation." *Lexmark*, 572 U.S. at 127-29 (citations and quotations omitted). The Supreme Court has made clear that the zone of interests test "seeks to exclude those plaintiffs whose suits are more likely to frustrate than to further statutory objectives." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 397, n. 12 (1987). In actions brought under the APA, the zone of interests test does not focus on the APA itself, but rather on the substantive statute that the plaintiff alleges the agency has violated. *Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224-26 (2012). The zone of interests analysis focuses on whether the interests Jiaxing Hoshine asserts are "'arguably within the zone of interests to be protected or regulated by the statute' that [the plaintiff] says was

violated" using "traditional principles of statutory interpretation." *Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians*, 567 U.S. at 224 (quoting *Association of Data Processing Serv. Orgs., Inc.*, 397 U.S. at 153); *Lexmark*, 572 U.S. at 127. To have statutory standing, therefore, Jiaxing Hoshine must establish that it is within the zone of interests of 19 U.S.C. § 1307.

Adherence to section 1307's zone of interest becomes especially important in the trade sphere. No one has a constitutionally protected right to import, or even to engage in international trade. *See, e.g.*, *Int'l Custom Prods., Inc. v. United States*, 791 F.3d 1329, 1337 (Fed. Cir. 2015); *Norwegian Nitrogen Prods. v. United States*, 288 U.S. 294, 318 (1933); *see also A Classic Time v. United States*, 123 F.3d 1475, 1476 (Fed. Cir. 1997). As a result, parties are entitled to only what the statute or regulation prescribes. *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978); *Gilda Indus., Inc. v. United States*, 446 F.3d 1271, 1283 (Fed. Cir. 2006). And, here, the statute provides no rights to the foreign manufacturer for a cause of action against the enforcement of section 1307.

In section 1307, Congress has restricted the entry of goods made with forced labor. The purpose of the statute was to protect the domestic economy – "to *protect* domestic producers, production, and workers from the unfair competition which would result from the importation of foreign products produced by forced labor." *McKinney*, 799 F.2d at 1552 (emphasis in original).[10] Thus, the zone of interests protected by section 1307 for purposes of standing is limited to domestic producers and workers and those regulated by the statute.

The absence of Congressional intent to confer any rights on foreign manufacturers under section 1307 stands in stark contrast to, for example, the antidumping and countervailing duty

---

[10] As discussed above, this purpose was strengthened by repeal of the consumptive demand exception.

statutory scheme, which includes specific remedies for exporters and producers.  Specifically, under the antidumping and countervailing duty statute, a foreign manufacturer, producer or exporter is considered an interested party who may participate in the agency's proceeding.  19 U.S.C. § 1677(9).  An interested party who has participated in the agency's proceeding may then challenge the determination in this Court.  19 U.S.C. § 1516a; 28 U.S.C. § 1581(c).  Section 1307 provides no similar remedy to foreign manufacturers.

Jiaxing Hoshine is a foreign manufacturer of suspected prohibited goods.  There is no hint that the statute is meant to protect such an entity or permit such an entity to challenge the preclusion of its goods.  In fact, it is inconsistent with the purpose of the statute to permit foreign manufacturers such as Jiaxing Hoshine to bring suit against CBP for any alleged harms stemming from the enforcement of a statute that was enacted to protect the United States economy from the unchecked import of prohibited goods.  Jiaxing Hoshine's interests in this lawsuit are so "inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit."  *Clarke,* 479 U.S. at 399.

Although CBP has established a process through which foreign manufacturers may request the modification or revocation of a WRO, this process is not required by the statute or regulations.  Rather, it is a courtesy given to any party, including foreign manufacturers, to demonstrate to CBP that there has been a remediation of all indicators of forced labor.  The modification/revocation process bestows no rights upon foreign manufacturers and, thus, does not give foreign manufacturers a cause of action not permitted by statute or regulation.

Accordingly, Jiaxing Hoshine does not have statutory standing under 19 U.S.C. § 1307 and fails to state a claim.  *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019); *Lexmark*, 572 U.S. at 127, 128 n. 4 (clarifying that statutory

standing is a question of "whether a legislatively conferred cause of action encompasses a particular plaintiff's claim" and that statutory standing falls within a Rule 12(b)(6) motion for failure to state a claim).

**B.      Jiaxing Hoshine Cannot Establish Constitutional Standing**

Jiaxing Hoshine also lacks constitutional standing because it cannot demonstrate concrete harms caused by issuance of the WRO or redressable by a favorable ruling from this Court, and, accordingly, it cannot demonstrate constitutional standing to maintain this action.  "[T]he core component of [constitutional] standing is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A litigant must establish constitutional standing to bring suit.  The three elements of constitutional standing are: (1) a concrete and particularized injury-in-fact which must be actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury suffered will be redressed by a favorable decision.  *Id.*, 504 U.S. at 560-61; *see also Military-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1121 (Fed. Cir. 2021) ("The 'irreducible constitutional minimum of standing' consists of three elements") (citing *Lujan*, 504 U.S. at 560).  Standing cannot be "inferred argumentatively from averments in the pleadings," *Grace v. American Central Ins. Co.*, 109 U.S. 278, 284 (1883), and it is the burden of the "party who seeks the exercise of jurisdiction in his favor," *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute."  *Warth v. Seldin*, 422 U.S. 490, 518 (1975).  Jiaxing Hoshine, as the party invoking federal jurisdiction, bears the burden of establishing these elements, and it must "allege . . .  facts essential to show jurisdiction."  *McNutt*, 298 U.S. at 189.  "If [it] fails to make the necessary allegations, [it] has no standing."

# THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

*Id.* A review of Jiaxing Hoshine's complaint makes clear that it lacks the "irreducible constitutional minimum of standing." *Lujan*, 504 U.S. at 560.

Jiaxing Hoshine alleges that the WRO it seeks to challenge has caused it several types of injury. First, Jiaxing Hoshine claims that it has suffered economic harm in light of the fact that [[

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████ ]] Compl. at ¶ 43. Second, Jiaxing Hoshine alleges an ambiguous harm, unlinked to a stated economic or reputational effect, that "by virtue of the listing, Jiaxing Hoshine's goods are automatically presumed to have been manufactured using forced labor and therefore, cannot be imported into the Unites States directly or indirectly." *Id.* at ¶ 42. Third, Jiaxing Hoshine alleges that it has suffered reputational harm in the form of purportedly disparaging accusations and damaging rumors. *Id.* at ¶ 43. Jiaxing Hoshine alleges that the "cumulative effect of these challenges underscores the far-reaching consequences of the WRO Listing Decision on Jiaxing Hoshine's business operations and financial standing." *Id.* at ¶ 44. As demonstrated below, Jiaxing Hoshine's allegations lack factual support and are insufficiently concrete to establish injury-in-fact for purposes of constitutional standing, or to establish causation and redressability.

       1.       **Jiaxing Hoshine's Vague Allegations Regarding Economic Harm Do Not Suffice To Establish Constitutional Standing**

Jiaxing Hoshine's allegations of economic harm are insufficient to demonstrate standing. While the standard to establish economic injury for the purposes of standing is not generally high, and "a loss of even a small amount of money is ordinarily an 'injury[,]'" *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017) (citing *McGowan v. Maryland*, 366 U.S. 420, 430–431 (1961) (finding that appellants fined $5 plus costs had standing to assert an Establishment Clause

challenge)), Jiaxing Hoshine has not alleged any monetary loss, instead simply alleging that [[

████████████████████████████████████████████████ ]].  *E.g.*, Compl. ¶ 43.  These

entirely vague allegations do not suffice: Jiaxing Hoshine has not quantified its loss by any

measure, such as by providing monetary values from the contracts that have purportedly not been

executed as a result of the WRO.  *Id.*  Jiaxing Hoshine fails to assign even the smallest dollar

amount to these purported harms, or likewise to name any contracts that it has actually lost.  In

other words, Jiaxing Hoshine alleges no concrete, measurable injury that it has suffered, and

given this lack of adequate factual support, it has failed to establish that it has standing based on

an economic injury-in-fact.

But even if the Court were to disagree, Jiaxing Hoshine has failed to demonstrate

causation and redressability with respect to its claimed economic injuries.  Instead, the alleged

business impacts of the WRO are too tenuous and speculative to establish standing.  First,

Jiaxing Hoshine avers only that its customers in the United States, Asia, and Europe have [[

████████████████████████████████████████████ ]].  Compl. ¶ 43 (also alleging [[

████████████████████████████████████████████████████████

████████ ]]).  These bare allegations provide no facts about these contracts, including which

Jiaxing Hoshine merchandise has been affected, and no factual basis to conclude that the

decisions of Jiaxing Hoshine's business partners not to execute contracts resulted from the WRO

rather than some other reason.  If a business partner had actually cancelled its orders in the last

three years due to the 2021 WRO, one might have expected Jiaxing Hoshine to have included

this specific information in its complaint.  Rather than proffering any type of factual support

(such as specific customer communications) to draw a connection between the action of CBP and

its alleged loss of business, Jiaxing Hoshine merely pitches conclusory assertions that the WRO

**THIS PAGE CONTAINS CONFIDENTIAL INFORMATION**

was the cause of its loss.  Other economic and market considerations may account fully for the decisions of such customers, and without a factual basis to show that these alleged injuries are fairly traceable to CBP's lawful exercise of its enforcement authorities, Jiaxing Hoshine has failed to allege causation necessary for standing.  *Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 42–43 (1976) (holding that speculative causation of government action on third parties is insufficient to demonstrate traceability).

Because Jiaxing Hoshine's alleged injury is not demonstrably traceable to the governmental action, it also cannot show that enjoining the WRO would cure its alleged harms – *i.e.*, would result in the restoration of its allegedly lost business.  *Id.* at 45 (discussing that it was speculative whether the desired exercise of the court's remedial powers in a suit about an IRS action would result in the availability to the indigent respondents of desired hospital services). The purely speculative connection between the business effects cited by Jiaxing Hoshine and the WRO does not suffice to establish redressability, and the Court must decline Jiaxing Hoshine's invitation to speculate as to why [[ ███████████████████████████████████

███████████████████ ]].  *E.g.*, *Arjay Associates, Inc. v. Reagan*, 707 F. Supp. 1346, 1347 (Ct. Int'l Trade 1989), *aff'd sub nom. Arjay Associates, Inc. v. Bush*, 891 F.2d 894 (Fed. Cir. 1989) ("manufacturers' representatives of Toshiba Machine Co. . . . [who alleged that] orders for Toshiba products ha[d] fallen dramatically and that they will suffer irreparable harm as a result of the sanctions" lacked standing).  The complaint must be dismissed because it fails to "establish that, in fact, the asserted injury was the consequence of the defendants' actions," or "that prospective relief will remove the harm."  *Simon*, 426 U.S. at 45 (citing *Walsh*, 422 U.S., at 505).

**2.     Jiaxing Hoshine Has No Legally Protected Interest In The Continued Importation Of Products And Thus Cannot Establish Standing From The Inability To Import Goods**

In addition to alleging economic harms, Jiaxing Hoshine claims that it "is harmed by the agency actions [ because ] [b]y virtue of [ the Hoshine WRO and CBP's denial of the modification request ] Jiaxing Hoshine's goods are automatically presumed to have been manufactured using forced labor and, therefore, cannot be imported into the United States directly or indirectly."  Compl. at ¶ 13.  It is not clear what specific harm is being alleged by this claim.  To the extent it is asserting harm from an inability to import goods into the United States, Jiaxing Hoshine fails to demonstrate that its goods are in fact inadmissible.  As noted above, Jiaxing Hoshine can coordinate with its importers to demonstrate that a particular shipment is admissible at the time of entry by showing that the shipment is not subject to the Hoshine WRO or that it was not produced with forced labor.  Without such a showing, Jiaxing Hoshine's speculative allegations of an inability to import fail to establish a concrete and particularized injury.

Even if Jiaxing Hoshine were able to demonstrate that it has been denied the right to import goods, it still would fail to establish standing.  Jiaxing Hoshine does not have a right to unconditionally import merchandise that potentially violates 19 U.S.C. § 1307 into the United States.  *Arjay Assocs.*, 891 F.2d at 896.  Jiaxing Hoshine cannot show "an invasion of a legally protected interest" or establish standing based on the inability to import.  *Id.* at 898 ("We hold that appellants lack standing because the injury they assert is to a nonexistent right to continued importation of a Congressionally excluded product and is thus nonredressable.").

### 3.    Jiaxing Hoshine's Alleged Reputational Harm Is Not A Sufficiently Concrete Injury

Jiaxing Hoshine's contention that "[t]he WRO Listing Decision has seriously harmed Jiaxing Hoshine's reputation with its business partners and customers[,]" Compl. at ¶ 13, also fails to allege a sufficiently concrete injury.  Just like with other allegations, mere labels and conclusions do not suffice to establish reputational harm.  *McNaught v. Nolen*, 76 F.4th 764, 771 (8th Cir. 2023) ("naked assertion[s] of reputational harm fall[ ] short of plausibly establishing injury.  Rather, like any claim of injury in fact, reputational harm must be concrete and particularized to support standing.") (internal citations and quotation marks omitted).  Instead, "courts should assess whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021): *Pinkert v. Schwab Charitable Fund*, 48 F.4th 1051, 1057–58 (9th Cir. 2022) (Bress, J. concurring) ("Simply labeling an injury as 'reputational' or 'expressive,' without more, does not answer the Article III question.  Instead, we must ask whether the reputational and expressive harms asserted . . . bear a sufficiently close relationship to harm that history and tradition have recognized as conferring standing to sue.").  The Court's inquiry, then, "asks whether plaintiffs have identified a close historical or common-law analogue [in American courts] for their asserted injury." *TransUnion*, 594 U.S. at 424 (internal quotation marks and citation omitted) (noting examples such as defamation and disclosure of private information).

Here, Jiaxing Hoshine has presented only bare conclusions of reputational harm, thus facially failing to answer the Article III inquiry of a concrete injury.  Jiaxing Hoshine has not identified a close historical or common-law analogue for the asserted injury and, without such,

Jiaxing Hoshine has not stated a concrete reputational harm or established standing based on alleged reputational harm.

Jiaxing Hoshine lacks constitutional standing to maintain this suit, and its complaint should be dismissed.

**III.**    **Count One Of The Complaint Should Be Dismissed As Untimely**

Count One of plaintiff's complaint should also be dismissed because it is untimely. Plaintiff's challenge to the Hoshine WRO is untimely because it accrued more than two years before it brought the complaint. 28 U.S.C. § 2636(i) (providing that a civil action brought under 28 U.S.C. § 1581(i) "is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues"). Specifically, the Hoshine WRO was issued in 2021, more than two years before plaintiff brought this action on February 20, 2024, which makes this cause of action untimely. Accordingly, Count I of the complaint should be dismissed.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss this action for lack of jurisdiction or for failure to state a claim.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

By:    CLAUDIA BURKE
Deputy Director

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel

/s/ Hardeep K. Josan
HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245

Dated: August 23, 2024

*Attorneys for Defendant*

23

**<u>CERTIFICATE OF COMPLIANCE</u>**

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated August 23, 2024, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 6,366 words.

<u>/s/ Hardeep K. Josan</u>