IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD.,<br><br>              Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; ALEJANDRO N. MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; and TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*,<br>              Defendants. | Court No. 24-00048<br><br>**NON-CONFIDENTIAL VERSION** |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A <u>CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................................2

ARGUMENT .......................................................................................................................................2

    I.   Jiaxing Hoshine Lacks Standing.......................................................................................2

        A.  Jiaxing Hoshine Cannot Establish Statutory Standing .................................................2

        B.  Jiaxing Hoshine Cannot Establish Constitutional Standing .......................................6

            1.   Jiaxing Hoshine Cannot Establish Constitutional Standing Demonstrate Injury-In-Fact Due To Vague Allegations Of Economic, Reputational Or Procedural Harm ..................................................................................................................6

            2.   Jiaxing Hoshine Cannot Satisfy The Traceability And Redressability Requirements .........................................................................................................9

    II.  Count One Of The Complaint Should Be Dismissed As Untimely .................................10

CONCLUSION....................................................................................................................................12

# TABLE OF AUTHOIRITES

**Cases**

*A Classic Time v. United States*,
123 F.3d 1475 (Fed. Cir. 1997) ................................................................................. 5

*Association of Data Processing Serv. Orgs., Inc.*,
397 U.S 150 (1970)................................................................................................... 3

*Brown Park Estates-Fairfield Dev. Co. v. United States*,
127 F.3d 1449 (Fed. Cir. 1997) ...............................................................................11

*Canadian Lumber Trade Ass'n v. United States*,
517 F.3d 1319 (Fed. Cir. 2008) ............................................................................ 7, 8

*Casa de Cambio Comdiv S.A., de C.V. v. United States*,
291 F.3d 1356 (Fed. Cir. 2002) ................................................................................ 9

*Chemehuevi Indian Tribe v. United States*,
104 F.4th 1314 (Fed. Cir. 2024)...............................................................................11

*Clarke v. Sec. Indus. Ass'n*,
479 U.S. 388 (1987)................................................................................................. 5

*Federal Defenders of New York, Inc. v. Federal Bureau of Prisons*,
954 F.3d 118 (2d Cir. 2020) ................................................................................. 3, 6

*Havens Realty Corp. v. Coleman*,
455 U.S. 363 (1982)................................................................................................11

*Int'l Custom Prods., Inc. v. United States*,
791 F.3d 1329 (Fed. Cir. 2015) ................................................................................ 5

*Invenergy Renewables LLC v. United States*,
422 F. Supp. 2d 1255 (Ct. Int'l Trade 2019) ............................................................. 7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)................................................................................................. 3

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)................................................................................................. 9

*Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians*,
567 U.S 209 (2012)................................................................................................. 3

*McKinney v. U.S. Dep't of Treasury*,
    799 F.2d 1544 (Fed. Cir. 1986) ............................................................................... 4

*Ninestar Corp. v. United States*,
    666 F. Supp. 3d 1351 (Ct. Int'l Trade 2024) ......................................................... 6

*Norwegian Nitrogen Prods. v. United States*,
    288 U.S. 294 (1933).................................................................................................. 5

**Statutes**

Section 1307.................................................................................................*passim*

Administrative Procedure Act (APA) ......................................................................... 6

**Regulations**

19 C.F.R. §§ 12.42-12.44 ........................................................................................... 4

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD.,<br><br>              Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED  STATES CUSTOMS AND BORDER PROTECTION; ALEJANDRO N. MAYORKAS, *in his official capacity as the Secretary of the Department of Homeland Security*; and TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*,<br>              Defendants. | Court No. 24-00048<br><br>**NON-CONFIDENTIAL VERSION** |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants, the United States, U.S. Department of Homeland Security, U.S. Customs and Border Protection (CBP), Alejandro Mayorkas, Secretary of the Department of Homeland Security, and Troy A. Miller, Senior Official Performing the Duties of the Commissioner for CBP, respectfully submit this reply to plaintiff Hoshine Silicon (Jia Xing) Industry Co., Ltd.'s (Jiaxing Hoshine) opposition to defendants' motion to dismiss for lack of jurisdiction and failure to state a claim for which relief can be granted.

**INTRODUCTION**

Jiaxing Hoshine is a foreign manufacturer of suspected prohibited goods that is

attempting to challenge a withhold release order (WRO) issued by CBP in 2021 on silica-based

products, and a subsequent modification request denial by CBP in 2023.  In our motion, we

demonstrated that Jiaxing Hoshine lacks both statutory and constitutional standing to bring this

action.  As we explained, Jiaxing Hoshine fails to establish statutory standing because it does not

fall within the zone of interests protected or regulated by Section 1307.  Jiaxing Hoshine likewise

fails to establish constitutional standing because its alleged economic, reputational, and

procedural harms are too vague to demonstrate that Jiaxing Hoshine has suffered a concrete

injury, or that its alleged harms are fairly traceable to CBP's lawful exercise of its enforcement

authorities or redressable by this Court.

Jiaxing Hoshine's main contention in its response brief is that it has statutory standing

because the statute regulates its interests.  Section 1307, however, regulates importers, not

foreign producers or exporters.  Jiaxing Hoshine's response also does nothing to demonstrate any

concrete harms that are fairly traceable to CBP's enforcement of Section 1307, or redressable by

the Court.  This action should therefore be dismissed.

**ARGUMENT**

I.      **Jiaxing Hoshine Lacks Standing**

        A.      **Jiaxing Hoshine Cannot Establish Statutory Standing**

Jiaxing Hoshine fails to establish the requisite statutory standing because statutory

causes of action extend only to plaintiffs whose interests fall within the zone of interests

protected or regulated by the law invoked.  Jiaxing Hoshine asserts that its interests fall within

the zone of interests regulated by Section 1307 (Pl. Br. at 7), but it misconstrues the applicable

zone-of-interests analysis.

Determining whether a plaintiff comes within the zone of interests "is an issue that

requires [the court] to determine whether a legislatively conferred cause of action encompasses a

particular plaintiff's claim" by "ask[ing] whether this particular class of persons ha[s] a right to

sue under this substantive statute." *Lexmark Int'l, Inc. v. Static Control Components*, *Inc.*, 572

U.S. 118, 127-28 (2014) (citations and quotations omitted).  "The relevant zone of interests for

an APA claim is defined by 'the statute that [the plaintiff] says was violated,' rather than the APA

itself." *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons*, 954 F.3d 118, 128 (2d

Cir. 2020).  The zone-of-interests analysis thus focuses in this case on whether the interests

Jiaxing Hoshine asserts are "'arguably within the zone of interests to be protected or regulated by

the statute' that [Jiaxing Hoshine] says was violated" using "traditional principles of statutory

interpretation." *Match–E–Be–Nash–She–Wish Band of Pottawatomi Indians*, 567 U.S. 209, 224

(quoting *Association of Data Processing Serv. Orgs., Inc.*, 397 U.S. 150, 153); *Lexmark*, 572

U.S. at 128.

As we observed in our motion, the Court of Appeals for the Federal Circuit has explained

that Congress enacted Section 1307 "to protect domestic producers, production, and workers

from the unfair competition which would result from the importation of foreign products

produced by forced labor." *McKinney v. U.S. Dep't of Treasury*, 799 F.2d 1544, 1552 (Fed. Cir.

1986).  Jiaxing Hoshine does not contend that it is among this category of individuals and

entities that Section 1307 was designed to protect.

Jiaxing Hoshine argues, however, that its interests fall within the zone of interests

"regulated by the statute."  Pl. Br. at 7-8.  According to Jiaxing Hoshine, the statute "directly"

3

regulates interests held by foreign producers and exporters because they are "targeted for detentions and/or exclusions." Pl. Br. at 7. Jiaxing Hoshine is wrong.

Section 1307 does not regulate foreign manufacturers, directly or otherwise. Rather, the statute explicitly prohibits the "importation" of goods produced by the use of forced labor, thereby limiting its reach to importers of the suspected goods. CBP's implementing regulations to enforce the statute similarly focus on importers and the goods they import. *See generally* 19 C.F.R. §§ 12.42-12.44. As explained in our motion, for shipments that have been detained under a WRO, importers can submit evidence demonstrating that the goods were not made with forced labor and thus are admissible into the United States. *See generally id.* In other words, the scheme envisioned is one where an importer may demonstrate admissibility on an entry-by-entry basis. CBP's enforcement of Section 1307 in this manner encourages the eradication of forced labor and ensures that goods made with forced labor do not enter the United States to the detriment of domestic producers and workers. The fact that foreign manufacturers may experience any incidental or indirect effects of such an action does not make them a regulated party, or confer upon them a right to sue under Section 1307.

Jiaxing Hoshine also argues that it satisfies the required zone of interest inquiry because its interests as a foreign manufacturer "align with the statutory objectives" of the statute. Pl. Br. at 9. According to Jiaxing Hoshine, these statutory objectives include "ensur[ing] lawful trade and compliance with U.S. import regulations, including addressing forced labor concerns." *Id.* And Jiaxing Hoshine contends that "[f]oreign manufacturers have a direct interest in demonstrating compliance with these standards to maintain access to U.S. markets." *Id.*

This argument fails for multiple reasons. First, Jiaxing Hoshine cites no authority in support of its attempt to expand the zone-of-interests test beyond those that the statute was

intended to protect or regulate to include those whose interests somehow "align" with the statute. Such a test would unduly expand the scope of statutory standing. The proper inquiry is whether an entity has an interest that is "protected" or "regulated" by the statute, and for the reasons noted above, Jiaxing Hoshine has failed to identify interests that fall into either category.

Second, there is no basis for Jiaxing Hoshine's claim that its interests are aligned with those of Section 1307. Indeed, CBP imposed the WRO on silica-based products made by the Chinese company Hoshine Silicon and its subsidiaries, including Jiaxing Hoshine, based on information that "reasonably but not conclusively" indicated that prohibited merchandise is being, or is likely to be, imported – which is directly antithetical to the purposes of the statute. The Supreme Court has made clear that the zone of interests test "seeks to exclude those plaintiffs whose suits are more likely to frustrate than to further statutory objectives." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 397, n. 12 (1987).

Third, contrary to Jiaxing Hoshine's position, Section 1307's zone of interests does not extend to a foreign manufacturer's "direct interest" in having "access to U.S. markets." Pl. Br. at 9. No one has a constitutionally protected right to import. *See, e.g.*, *Int'l Custom Prods., Inc. v. United States*, 791 F.3d 1329, 1337 (Fed. Cir. 2015); *Norwegian Nitrogen Prods. v. United States*, 288 U.S. 294, 318 (1933); *see also A Classic Time v. United States*, 123 F.3d 1475, 1476 (Fed. Cir. 1997). Here, Jiaxing Hoshine has no general right to engage in international trade with the United States, and certainly none that is espoused in Section 1307.

Contrary to Jiaxing Hoshine's contention, the availability of an administrative process through which foreign manufacturers may request the modification or revocation of a WRO does not broaden Congress's purpose in enacting the statute, or reflect a right of foreign manufacturers to sell their goods in the United States. The opportunity for a foreign manufacturer to request a

# THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

modification or revocation of a WRO is not required by the statute or regulations, but is merely a courtesy extended by CBP to any party, including foreign manufacturers.

Finally, Jiaxing Hoshine erroneously relies upon *Ninestar Corp. v. United States*, 666 F. Supp. 3d 1351 (Ct. Int'l Trade 2024) and the APA, Pl. Br. at 7, 8, 9, to support this action. Contrary to Jiaxing Hoshine's assertion, *Ninestar* did not involve a challenge to a WRO issued pursuant to Section 1307 nor did the Court discuss standing. Rather, the case involved a listing decision under a different statute – the Uyghur Forced Labor Prevention Act – and whether the Court had jurisdiction over the action on the ground that it constituted an embargo. Additionally, as noted above, the zone of interests relevant to an APA claim is defined by Section 1307, not by the APA itself. *Federal Defenders*, 954 F.3d at 128. Thus, neither *Ninestar* nor the APA support Jiaxing Hoshine's position that it meets the zone-of-interests test and thereby has statutory standing to bring this action.

## B. Jiaxing Hoshine Cannot Establish Constitutional Standing

### 1. Jiaxing Hoshine Cannot Demonstrate Injury-In-Fact Due To Vague Allegations Of Economic, Reputational Or Procedural Harm

Jiaxing Hoshine argues that it has suffered an injury-in-fact, and thus has constitutional standing, because it has "adequately alleged concrete and particularized economic, business, reputational, and procedural harms" resulting from the issuance of the WRO and denial of the modification request. Pl. Br. at 11. Jiaxing Hoshine's allegations of harm, however, lack adequate factual support and are otherwise unpersuasive.

Citing Exhibit 1 to the Complaint, Jiaxing Hoshine argues that it has adequately alleged a monetary loss to demonstrate economic harm. Pl. Br. at 11. However, in Exhibit 1, which is Jiaxing Hoshine's modification request, Jiaxing Hoshine summarily concludes, without any support, that it has [[ ████████████████████████████████████████████ ]]. *See* Compl.,

Exhibit 1 at 3 (letter requesting modification).  Conclusory statements that are not grounded in any evidence are insufficient to establish injury.

Jiaxing Hoshine further contends that it has "sufficiently alleged economic and reputational harms to its business" by relying on "economic logic."  Pl. Br. at 12 (citing *Canadian Lumber Trade Ass'n v. United States*, 517 F.3d 1319 (Fed. Cir. 2008), and *Invenergy Renewables LLC v. United States*, 422 F. Supp. 2d 1255 (Ct. Int'l Trade 2019)).  Jiaxing Hoshine asserts that "CBP's actions have 'adversely impacted Jiaxing Hoshine's ability to sell and ship goods directly and indirectly to {its} US-based customers,'" and that "economic logic" leads to the conclusion that a foreign company would be "financially harmed" by an "embargo" on its products.  Pl. Br. at 12.  As an initial matter, there is no evidence that Jiaxing Hoshine has even attempted to sell or ship its goods to the United States, or that its goods are in fact inadmissible.  As noted in our motion and above, a WRO does not lead to the automatic exclusion of merchandise; rather, once CBP detains the merchandise, importers have a chance to provide evidence demonstrating that the detained merchandise is not actually subject to the WRO or that it is not produced with forced labor.  Without a showing that its goods have been deemed inadmissible, Jiaxing Hoshine's speculative allegations of economic and reputational harm fail to establish a concrete and particularized injury.

At any rate, Jiaxing Hoshine's reliance on the concept of "economic logic" as discussed in *Canadian Lumber* and *Invenergy* is misplaced.  In both cases, the Federal Circuit and this Court, respectively, relied on the doctrine of "competitor standing" and economic logic (instead of empirical evidence) to find those plaintiffs had standing because they were likely to suffer economic injury as a result of the imposition of antidumping/countervailing duties or safeguard duties.  *Canadian Lumber*, 517 F.3d at 1332-34; *Invenergy*, 422 F. Supp. 2d at 1273-74.  The

7

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

doctrine of "competitor standing," as explained by the Federal Circuit, "relies on economic logic to conclude that a plaintiff will likely suffer an injury-in-fact when the government acts in a way that increases competition or aids the plaintiff's competitors." *Canadian Lumber*, 517 F.3d at 1332. Here, the absence of any demonstrated benefit to an existing competitor or expansion of market participants resulting from CBP's action makes the competitor standing doctrine, and thus *Canadian Lumber* and *Invenergy*, inapplicable to this case.

Jiaxing Hoshine further argues that it "does not rely on economic logic alone," but also has alleged "concrete economic harms and reputational harms to its business in its Complaint." Pl. Br. at 12. By way of example, Jiaxing Hoshine references its allegation that following issuance of the WRO in June 2021, [[ ████████████████████████████████████

████████████████████████████████████ ]]. Pl. Br. at 12 (citing Compl. ¶ 43 and Exhibit 1). Jiaxing Hoshine's allegation is not only unsupported by any factual evidence, but also is contrary to the position Jiaxing Hoshine takes with respect to the untimely nature of Count One (Pl. Br. at 16) – that its injury "did not manifest until the agency's" modification request denial in 2023. Jiaxing Hoshine's unsupported assertions are thus not credible.

Finally, Jiaxing Hoshine asserts that it "has also suffered procedural harm" resulting from "CBP's failure to provide adequate notice or explanation" for the WRO and the denial of the modification request. Pl. Br. at 13. Although it faults the Government for "completely ignor[ing]" this procedural harm in the motion to dismiss, Pl. Br. at 13, Jiaxing Hoshine fails to acknowledge that it never alleged such a harm in its complaint. Accordingly, Jiaxing Hoshine has waived any arguments related to procedural harm resulting from CBP's actions, including those related to traceability and redressability. *See* Pl. Br. at 14, 15. Thus, the Court should not

8

consider these arguments. *See Casa de Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d
1356, 1366 (Fed. Cir. 2002) ("We conclude that we need not address Casa's agency theory
because it was not properly raised. No mention of this theory appears in Casa's complaint.
Under the circumstances, we hold that Casa waived any claim it may have against the
government based on such a theory.").

### 2.  Jiaxing Hoshine Cannot Satisfy The Traceability And Redressability Requirements

Jiaxing Hoshine also cannot meet the necessary traceability and redressability
requirements for constitutional standing. To be fairly traceable, there must be a causal
connection between the assertedly unlawful conduct and the alleged injury. *Lujan v. Defenders
of Wildlife*, 504 U.S. 555, 560 (1992). The more attenuated or indirect the chain of causation
between the challenged acts of the defendant and the plaintiff's injury, the less likely there is a
causal link sufficient for standing. *Center for Biological Diversity v. U.S. Dep't of Interior*, 563
F.3d 466, 478 (D.C. Cir. 2009). Jiaxing Hoshine argues that its injury is fairly traceable to
CBP's actions because it "could export products to its customers in the United States" were it not
for the WRO and modification request. Pl. Br. at 14. As discussed above, the WRO does not
prevent Jiaxing Hoshine from exporting its products to the United States. To the contrary,
Jiaxing Hoshine is free to export to the United States and demonstrate admissibility.

Jiaxing Hoshine also has failed to show that a favorable decision by the Court would
redress its alleged injury. Again, relying on "economic logic," Jiaxing Hoshine contends that its
"customers are highly unlikely to cancel contracts" should the Court vacate the WRO and
modification request denial. Pl. Br. at 14. The purely speculative connection between the
business effects cited by Jiaxing Hoshine and the WRO does not suffice to establish

THIS PAGE CONTAINS CONFIDENTIAL INFORMATION

redressability, and the Court should decline Jiaxing Hoshine's invitation to speculate about its customers' future business decisions.

Accordingly, Jiaxing Hoshine lacks constitutional standing to maintain this suit, and its complaint should be dismissed.

**II.    Count One Of The Complaint Should Be Dismissed As Untimely**

Jiaxing Hoshine argues that Count One of its complaint was timely asserted because the cause of action with respect to the WRO "accrued at the earliest" when CBP denied the modification request in November 2023.  Pl. Br. at 15.  Jiaxing Hoshine explains that it had no reason to challenge the WRO because "Jiaxing Hoshine's injury did not become manifest until the agency's final, conclusive denial" of the modification request.  Pl. Br. at 16.  As noted above, Jiaxing Hoshine's position here is contrary to its repeated allegations that its economic and reputational harms followed from the issuance of the WRO, and thus its factual assertions are not credible.  *See, e.g.*, Pl. Br. at 2 ("Following issuance of the Hoshine WRO, Jiaxing Hoshine lost all of its U.S. customers and has been unable to export its goods to the United States . . . ."); Pl. Br. at 12 ("CBP's WRO Listing Decision was publicly announced in a June 24, 2021 press release, and following this public announcement, [[ ███████████████████████████ ███████████████████████████████████████████ ███████ ]].  Jiaxing Hoshine cannot have it both ways: its harms cannot flow from the WRO for purposes of establishing an injury-in-fact, but from the modification request for statute of limitations purposes.

Jiaxing Hoshine alternatively argues, without much analysis, that Count One is timely because "each and every day in which the Hoshine WRO remains in force as to Jiaxing Hoshine constitutes a new violation that re-triggers the statute of limitations."  Pl. Br. at 17.  As an initial

matter, it is unclear what "series of repeated injuries", Pl. Br. at 17, Jiaxing Hoshine thinks stem

from the WRO or when such injury last occurred such that Count One could be considered

timely.  Importantly, however, the continuing violations doctrine is inapplicable to a claim that is

"based upon a single distinct event, which may have continued ill effects later on." *Chemehuevi*

*Indian Tribe v. United States*, 104 F.4th 1314, 1325 (Fed. Cir. 2024) (quoting *Brown Park*

*Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997)).  The WRO is

not "an unlawful practice" or "violation" that "continues into the limitations period", *Havens*

*Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982), but instead a "single distinct event."

*Chemehuevi*, 104 F.4th at1325 (finding that the continuing claims doctrine did not apply because

"the Government's one-time failure to approve a lease in 1998 or 1999 cannot be broken down

into 'a series of independent and distinct events or wrongs' but instead is a 'single distinct

event.'").  In other words, the cause of action with respect to the WRO was complete and

accrued at the time that it was issued.  To the extent the WRO has continuing effects, such as

detention of prohibited goods, such effects do not constitute a continuing violation for statute of

limitations purposes.  Therefore, the continuing violations doctrine cannot revive Count One of

the complaint.

Finally, Jiaxing Hoshine argues that Count One is timely based upon the doctrine of

equitable tolling because Jiaxing Hoshine's "understanding of its injury was delayed by the

agency's lack of transparency and misleading conduct." Pl. Br. at 18.  As noted above, Jiaxing

Hoshine clearly understood its injury and has repeatedly alleged that it resulted from issuance of

the WRO.  And while parties have the option to request modification of a WRO, CBP did not

"induce" or "trick" Jiaxing Hoshine into pursuing that avenue here.  Jiaxing Hoshine's equitable

tolling argument is therefore baseless.  Accordingly, Count One of the complaint should be

dismissed.

## CONCLUSION

For these reasons, and for the reasons set out in our initial motion, we respectfully request

that the Court dismiss this action for lack of jurisdiction and failure to state a claim upon which

relief can be granted.

<div style="margin-left: 45%;">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel

/s/ Hardeep K. Josan
HARDEEP K. JOSAN
Senior Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245

</div>

Dated: November 8, 2024

<div style="margin-left: 45%;">

*Attorneys for Defendant*

</div>

12

**<u>CERTIFICATE OF COMPLIANCE</u>**

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil

Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for

the Government's reply memorandum to plaintiff's opposition to the defendant's motion to

dismiss, dated November 8, 2024, relying upon the word count feature of the word processing

program used to prepare the memorandum, certify that this memorandum complies with the

word count limitation under the Court's chambers procedures, and contains 3,257 words.


<u>/s/ Hardeep K. Josan</u>