UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, NY 10278-0001

CHAMBERS OF
Claire R. Kelly
Judge

April 16, 2025

Craig Anderson Lewis, Esq.
Jonathan Thomas Stoel, Esq.
Kelly Zhang, Esq.
Lindsay K. Brown, Esq.
Hogan Lovells US LLP
Columbia Square Building
555 Thirteenth Street, NW.
Washington, DC 20004
Email: craig.lewis@hoganlovells.com
jonathan.stoel@hoganlovells.com
kelly.zhang@hoganlovells.com
Lindsay.Brown@hoganlovells.com

Monica Perrette Triana. Esq.
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza
New York, NY 10278
Email: monica.p.triana@usdoj.gov

Chelsea Athena Reyes, Esq.
Sabahat Chaudhary, Esq.
U.S. Customs and Border Protection
Office of the Chief Counsel
1300 Pennsylvania Avenue, NW.
Washington, DC 20229
Email: chelsea.reyes@cbp.dhs.gov
sabahat.chaudhary@cbp.dhs.gov

Re: *Hoshine Silicon (Jia Xing) Industry Co., Ltd. v. United States et al*
Court No. 24-00048

Court No. 24-00048                                                                                                 Page **2** of **2**

Dear Counsel:

It is my intention to issue a public version of the Opinion and Order in the above-captioned proceeding on or shortly after Tuesday, April 22, 2025. The Court has double-bracketed information that was designated as confidential in the underlying record. However, out of an abundance of caution, I would like you to review the Opinion and Order and inform the court by Monday, April 21, 2025 in writing, (1) whether any information not already in brackets is confidential and should be double-bracketed in the public version, or (2) whether any information already in brackets is not confidential and should not be double-bracketed in the public version. If you do believe any additional information should or should not be redacted from the public version, please state the basis for your belief.

With regard to whether any information already in brackets is not confidential and should not be double-bracketed in the public version, multiple documents before the Court are redacted in their entirety, i.e., the Modification Petition, see Compl. at Ex. 1, Mar. 20, 2024, ECF No. 17 ("Modification Petition") and the Denial Letter, see Am. Compl. at Ex. 2 ("Denial Letter"). It is unclear to the Court whether every single word and fact in these documents are indeed business proprietary information or whether the entirety of the documents were marked as confidential for convenience purposes. As you know, "[u]nnecessary claims of confidentiality erode public trust in the judiciary by limiting public access." OCP S.A. v. United States, Case No. 1:21-cv-00219, Slip-Op No. 25-32 at 11 (Mar. 27, 2025) (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 595 (1980) (Brennan, J., concurring)).

Thus, the Court asks the parties to carefully review both these documents, identify the confidential material, explain in a separate document why the material designated is confidential, and resubmit revised double-bracketed documents. Secondly, the parties should then review the Opinion and Order to ensure information that need not be marked as confidential is not so marked. If the parties have no changes to the bracketed information in the fully redacted documents, please explain why the entirety of the fully redacted documents must remain confidential. If necessary, the Court is prepared to have a hearing on this issue.

Sincerely,

/s/ Claire R. Kelly
Claire R. Kelly, Judge