Slip Op. 25-42

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD.,** | |
| **Plaintiff,** | **Before: Claire R. Kelly, Judge** |
| **v.** | **Court No. 24-00048** |
| | **PUBLIC VERSION** |
| **UNITED STATES ET AL.,** | |
| **Defendants.** | |

## OPINION AND ORDER

[Denying in part and granting in part Defendants' motion to dismiss.]

Dated: April 16, 2025

Craig A. Lewis, Jonathan T. Stoel, Kelly Zhang, and Lindsay K. Brown, Hogan Lovells US LLP, of Washington, D.C., for plaintiffs Hoshine Silicon (Jia Xing) Industry Co., Ltd.

Monica P. Triana, Senior Trial Counsel, International Trade Field Office, U.S. Department of Justice, of New York, NY, and Sabahat Chaudhary, and Chelsea A. Reyes, Office of the Chief Counsel, U.S. Customs and Border Protection, of Washington D.C., for defendant United States.  On the briefs were Yaakov M. Roth, Acting Assistant Attorney General, Brett A. Shumate, Acting Assistant Attorney General Civil Division, Patricia M. McCarthy, Director, Claudia Burke, Deputy Director, Brian M. Boynton, Principal Deputy Assistant Attorney General, and Justin R. Miller, Attorney-In-Charge, International Trade Field Office, U.S. Department of Justice, of New York, NY.

Court No. 24-00048                                                                                  Page 2
**PUBLIC VERSION**

     Kelly, Judge: Before the Court is the United States, U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), Alejandro Mayorkas, Secretary, DHS, and Troy A. Miller, Acting Commissioner, CBP (collectively "Defendants") motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted, seeking dismissal of the amended complaint filed by Plaintiff Hoshine Silicon (Jia Xing) Industry Co., Ltd. ("Jiaxing Hoshine"). <u>See generally</u> Compl., Mar. 20, 2024, ECF No. 17 ("Am. Compl."); Defs.' Mot. Dismiss, Aug. 23, 2024, ECF No. 27 ("Defs. MTD"); Defs.' Reply [Pl. Opp.], Nov. 8, 2024, ECF No. 36 ("Defs. Reply").   Defendants also seek to dismiss Count I of Plaintiff's complaint as untimely.   Defs. MTD at 22.   Jiaxing Hoshine opposes Defendants' motion.  <u>See generally</u> Pl. Opp'n [Def. Mot.], Oct. 18, 2024, ECF No. 33 ("Pl. Resp."). The Court held oral argument on February 4, 2025. <u>See</u> Oral Argument, Feb. 4, 2025, ECF No. 46.   Following oral argument, the Court ordered further briefing.  <u>See</u> Order, Feb. 4, 2025, ECF No. 47.  The parties filed their supplemental briefs on February 18, 2025.  <u>See</u> Defs.' Supp. Authority, Feb 18, 2025, ECF No. 50 ("Defs. Supp. Brief"); Pl.'s Supp. Brief of Case Citations, Feb. 18, 2025, ECF No. 51; Joint Resp. to Court's February 4, 2025, Order, Feb. 18, 2025, ECF No. 52; Defs.' Updated Resp. to Court's February 4, 2025, Order, Feb. 27, 2025, ECF No. 55).   For the reasons that follow, Defendants' motion is denied in part and granted in part.

## BACKGROUND

On June 24, 2021, CBP issued a withhold release order, pursuant to Section

307 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1307 ("Section 307"),[1] against

Hoshine Silicon Industry Co., Ltd. ("Hoshine Silicon"),[2] and its subsidiaries.  See

generally Defs. MTD, Ex. 1 ("Hoshine WRO").[3]  The Hoshine WRO applies to silica-

---

[1] Section 307 states in relevant part:

> All goods, wares, articles, and merchandise mined, produced, or
> manufactured wholly or in part in any foreign country by ... forced labor
> ... shall be not be entitled to entry at any of the ports of the United States,
> and the importation thereof is hereby prohibited ....

19 U.S.C. § 1307.  Thus, Section 307 prohibits the importation of any product manufactured wholly or partially by use of forced labor.  CBP issues WROs, preventing the importation of goods produced using forced labor in foreign countries. See 19 C.F.R. § 12.42.

[2] Hoshine Silicon (Jia Xing) Industry Co., Ltd. ("Jiaxing Hoshine") is a subsidiary of Hoshine Silicon.  As explained in the request for modification in March 2023, Hoshine Silicone transferred its silicone producing assets located in Jiaxing to its subsidiary, Jiaxing Hoshine. Am. Compl., Ex. 1 at 4 ("Modification Petition").

[3] On a motion to dismiss, the court may not rely on matters presented outside of the pleadings, USCIT R. 12(d), but may consider documents incorporated into the complaint, exhibits attached to the complaint, or matters of which the court may take judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In some instances, Courts may take judicial notice of certain facts.  See Brown v. Piper, 91 U.S. 37, 42, 23 L.Ed. 200 (1875) ("Facts of universal notoriety need not be proved.... Among the things of which judicial notice is taken are the law of nations; the general customs and usages of merchants; the notary's seal; things which must happen according to the laws of nature; the coincidences of the days of the week with those of the month ...").  Further, Courts may take judicial notice of "fact[s] that [are] not subject to reasonable dispute[.]"  SmartSky Networks, LLC v. Gogo Bus. Aviation, LLC, No. 2023-1058, 2024 WL 358136, at *2 (Fed. Cir. Jan. 31, 2024) (internal

(footnote continued)

Court No. 24-00048                                                                 Page 4
**PUBLIC VERSION**

based products made by Hoshine Silicon and its subsidiaries and goods derived from

or produced using those silica-based products.  Hoshine WRO at 1.  The Hoshine WRO

applies, inter alia, to

> 1. Component Materials – silicon, including metallurgic grade silicon,
> silicon oxide and certain silicones in primary forms;
> 2. Intermediate Goods – additives for aluminum alloys and concrete,
> integrated circuits, and semiconductor devices;
> 3. Finished Goods – adhesives, electronics, lubricants, photovoltaic cells,
> solar generators, solar panels, and parts thereof.

Defs. MTD, Ex. 2 at 1 ("Hoshine WRO FAQs").

From 2021 to 2023 Jiaxing Hoshine met with CBP officers via telephone

conference twice to discuss its objections to being included in the Hoshine WRO and

its intent to file a modification petition.  Am. Compl. at ¶¶ 5—7; Defs. MTD at 8.  CBP

Publication # 3447-1123 sets forth a process by which parties may seek modification

of a WRO if a foreign entity subject to a WRO remediates all indicators of forced labor.

See  CBP Publication # 3447-1123.   On September 12, 2023, Jiaxing Hoshine

submitted its modification petition, asking CBP to, at a minimum, remove Jiaxing

---

quotations omitted) (quoting Fed. R. Evid 201(b)).  Thus, because the Hoshine WRO
and Hoshine WRO FAQs are published on CBP's web page and their contents cannot
be disputed, the Court will take judicial notice of both documents, which are attached
as exhibits to Defendants MTD.  Further, the Court will also take judicial notice of
certain documents attached to the parties' Joint Response to Court's February 4, 2025
Order, Feb. 18, 2025, ECF No. 52, which are published on CBP's web page and their
contents cannot be disputed.  Specifically, the Court takes judicial notice of (1) CBP
Publication # 3447-1123, see Exhibit A, Feb. 18, 2025, ECF No. 52-1 ("CBP
Publication # 3447-1123") and (2) CBP Publication # 3448-1123, see Exhibit B, Feb.
18, 2025, ECF No. 52-1 ("CBP Publication # 3448-1123").

Hoshine from the Hoshine WRO listing and also to exclude the specifically defined

supply chain for products made by Jiaxing Hoshine.  See Am. Compl. at ¶ 8;

Modification Petition at 4.[4]  On November 3, 2023, CBP denied Jiaxing Hoshine's

Modification Petition, stating that

> modification of a WRO for only one specific supply chain would
> undermine the general principle upon which CBP bases its forced labor
> enforcement efforts, which is that companies subject to a WRO are to
> demonstrate full remediation of all forced labor indicators present at all
> of company locations subject to the WRO.

Id. at ¶ 9; Am. Compl., Ex. 2 at 1 ("Denial Letter").[5]

## JURISDICTION AND STANDARD OF REVIEW

The Court of International Trade has exclusive jurisdiction over this action

under 28 U.S.C. § 1581(i) as Section 307 provides for embargoes.  The Court reviews

an action brought under 28 U.S.C. § 1581(i) under the same standards as provided

---

[4] Specifically, the Modification Petition states Jiaxing Hoshine is independent from
Hoshine Silicon.  Modification Petition at 4.  The Modification Petition further states
that [[


                                                                                    ]] Id.
[5] CBP explained that if Jiaxing Hoshine's position is that its supply chain is not
subject to the WRO it may

> coordinate with importers of its products to demonstrate that a
> particular shipment is admissible at the time of entry, either by showing
> that the shipment is not subject to the Hoshine WRO or that it was not
> produced, wholly or in part, with forced labor, pursuant to 19 C.F.R.
> § 12.43(a).

Denial Letter at 1.

**PUBLIC VERSION**

under Section 706 of the Administrative Procedure Act ("APA"), as amended.  See 28

U.S.C. § 2640(e).  Under the statute, the reviewing court shall

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

5 U.S.C. § 706(1)–(2)(A).

## DISCUSSION

Defendants argue that this action should be dismissed because Jiaxing

Hoshine lacks both constitutional standing and statutory standing.  Further,

Defendants argue that even if Jiaxing Hoshine has constitutional and statutory

standing, Count I of Jiaxing Hoshine's complaint, its challenge to the WRO, should

be dismissed as untimely.  Defs. MTD at 12—22; Defs. Reply at 2—12.  Jiaxing

Hoshine responds that it has both constitutional and statutory standing, and that

Count I of the Am. Compl. is timely.  Pl. Resp. at 7—19.  For the reasons that follow,

although Jiaxing Hoshine has both constitutional and statutory standing to bring its

claims under Counts I and II, its claim under Count I is dismissed as untimely.

## I.   Constitutional Standing

Defendants argue that Plaintiff fails to identify sufficient facts to show injury

in fact.  Defs. MTD at 21—22.  Further, Defendants contend that even if Jiaxing

Hoshine suffered an injury in fact, it fails to allege facts that any harm is traceable

Court No. 24-00048                                                           Page 7
**PUBLIC VERSION**

to the government's actions rather than the result of choices made by third parties.
Id. at 19.  Finally, Defendants argue any harm is not redressable by this Court.  Id.
at 18—19.  Jiaxing Hoshine contends that it has alleged and quantified a specific
economic harm, reputational harm, and procedural harm.  Pl. Resp. at 10—13.  It
also claims to have alleged that the Hoshine WRO, as well as the failure of CBP to
modify the Hoshine WRO, is the but for cause of its harm.  Id. at 13—14.  Finally, it
alleges that its harm is redressable by an order of this Court.  Id. at 15.

    A plaintiff must establish standing under Article III of the U.S. Constitution
by showing it suffered an injury in fact, caused by the challenged conduct, which can
be redressed by the court.  Military-Veterans Advoc. v. Sec'y of Veterans Affs., 7 F.4th
1110, 1121 (Fed. Cir. 2021); Canadian Lumber Trade All. v. United States, 517 F.3d
1319, 1331 (Fed. Cir. 2008) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560
(1992).  First, a plaintiff must demonstrate that it suffered an injury in fact: a
concrete and particularized "invasion of a legally protected interest" that is actual or
imminent, rather than conjectural or hypothetical.  Lujan, 504 U.S. at 560; Military-
Veterans Advoc., 7 F.4th at 1121 ("[the injury in fact requirement] ensures that the
plaintiff has a personal stake in the outcome of the controversy") (internal citations
and quotations omitted).  An injury in fact is imminent "if the threatened injury is
'certainly impending,' or there is a 'substantial risk' that the harm will occur."  Susan
B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014) (quoting Clapper v. Amnesty
Int'l USA, 568 U.S. 398, 414 n.5 (2013)).  A concrete injury may be intangible.  Spokeo,

Inc. v. Robins, 578 U.S. 330, 340 (2016), as revised (May 24, 2016).  When considering whether an intangible harm constitutes an injury in fact, courts consider (1) whether the alleged intangible harm has a close relationship to a common-law harm, and (2) whether Congress has "elevat[ed] to the status of legally cognizable injuries[,] concrete, de facto injuries that were previously inadequate in law." Id. at 341 (quoting Lujan, 504 U.S. at 578).

Further, an alleged procedural harm must be connected to some concrete interest to create Article III standing.  Summers v. Earth Island Institute, 555 U.S. 488, 496 (2009).  A plaintiff must allege facts that establish injury in fact but is not required to offer proof.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (noting that the pleader need not demonstrate the probability that the facts are true). However, legal conclusions or mere labels are insufficient to establish injury in fact. See Daniel v. National Park Service, 891 F.3d 762, 766—67 (9th Cir. 2018) (legal conclusions are "not entitled to an assumption of truth at the pleading stage").

Second, a plaintiff must show that the injury and conduct are "fairly traceable to the defendant's actions or omissions." Lujan, 504 U.S. at 560.  Indirect injuries, those caused in part by third parties, are sufficient for standing purposes so long as the injury is fairly traceable to defendants' conduct.  Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 261 (1977).  Lastly, a plaintiff must demonstrate it is likely, rather than "merely speculative," that the injury will be redressed by a decision in the plaintiff's favor.  Lujan, 504 U.S. at 560 (internal

citations and quotations omitted). Typically, when one challenges government action or inaction, the regulated party has little difficulty showing redressability. Id. at 561—62. However, sometimes both causation and redressability depend upon the reaction of a third party to the government action or inaction, and "it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury." Id. The requirements for traceability and redressability are lessened, however, for procedural harms causing concrete injury. Massachusetts v. E.P.A., 549 U.S. 497, 517 (2007) ("When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant").

Finally, a plaintiff must establish standing for each form of relief sought. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 185 (2000). Thus, if a plaintiff seeks damages, it must allege standing for that relief, i.e., injury, causation, and redressability. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (notwithstanding the fact that plaintiff had standing to pursue damages, he lacked standing to pursue injunctive relief). As a necessary corollary to the idea that standing is relief-specific, is that the injury, causation, and redressability analysis is also relief-specific. Thus, the analysis for each element, and in particular redressability, must consider whether a plaintiff satisfies that criteria in light of the relief requested.

**PUBLIC VERSION**

Here, the allegations of injury in fact by Jiaxing Hoshine include (1) the loss of

money from customers, (2) the imminent loss of more money should it be denied relief,

(3) reputational harm, and (4) procedural harm.  Jiaxing Hoshine adequately alleges

that it has lost money, customers, and significant business and revenue because of

the Hoshine WRO.  Am. Compl. at ¶ ¶ 42, 43.  In confidential documents attached to

its complaint, Jiaxing Hoshine quantifies the specific amount of business revenue it

has lost.   Modification Petition at 3.[6]   Defendants argue Jiaxing Hoshine's

documentation "summarily concludes" without any support, the extent of its

monetary harm.   Defs. Reply at 6.   However, Plaintiff does not allege a legal

conclusion.  Instead, its complaint and attached documentation alleges a specific

amount of economic harm sufficient to satisfy the injury in fact requirement at this

stage of the litigation.  Am. Compl. at ¶ ¶ 42—43; Modification Petition at 3; <u>see</u>

<u>Lujan</u>, 504 U.S. at 560–61 (at the pleading stage allegations alone are sufficient to

establish standing though more may be required at later stages); <u>compare</u> <u>Denton v.</u>

<u>Hernandez</u>, 504 U.S. 25, 32—33 (1992) ("a court may dismiss a claim as factually

frivolous only if the facts alleged are clearly baseless, a category encompassing

allegations that are fanciful, fantastic and delusional") (internal citations and

quotations omitted).  Further, Jiaxing Hoshine alleges that its economic harm is

---

[6] Specifically, Jiaxing Hoshine alleges that since its designation on the Hoshine WRO
[[                                                                                   ]]  Modification Petition at 3.

Court No. 24-00048                                                          Page 11
**PUBLIC VERSION**

ongoing and therefore imminent.  Am. Compl. at ¶ ¶ 42, 43, 44.[7]  In this case the

allegation of current and past loss of business suffices to establish a "substantial risk"

that the harm will continue and therefore is imminent.  See Susan B. Anthony List,

573 U.S. at 158 (defining imminent harm).

Jiaxing Hoshine has also adequately alleged reputational harm.[8]  It alleges

that it "has been the subject of disparaging accusations and damaging rumors."  Am.

Compl. at ¶ 43.  It also alleges that the harm to its reputation has affected its

business.  Id.  In the confidential exhibit attached to its complaint, Jiaxing Hoshine

alleges specific acts taken by customers because of the Hoshine WRO.[9]

---

[7] It alleges [[                                                                           ]]
and the effects it is experiencing are cumulative.  Am. Compl. at ¶ ¶ 43, 44

[8] Defendants argue that an allegation of reputational harm must be accompanied by
the identification of a "close historical or common-law analogue" for the asserted
injury.  Defs. MTD at 21 (citing Transunion LLC v. Ramirez, 594 U.S. 413, 424
(2021)).  However, TransUnion recognizes and explicitly acknowledges reputational
harms as concrete harms traditionally recognized as providing a basis for lawsuits.
Transunion, 594 U.S. at 425.

[9] Jiaxing Hoshine alleges that its reputation was harmed and asserts that [[



]] Am.
Compl. at ¶ 43; Modification Petition.  Defendants' citation to McNaught and Auer
alleging that conclusory allegations are not enough to establish injury in fact fails to
persuade.  Defs. MTD at 21; Defs. Supp. Brief at 2.  In McNaught and Auer, the
Eighth Circuit discussed that legal conclusions of reputational harm, without further
allegations explaining how the alleged conduct harmed the plaintiff's reputation, are
not enough to establish injury in fact.  McNaught v. Nolan, 76 F.4th 764, 771 (8ᵗʰ Cir.
2023); Auer v. Trans Union, LLC, 902 F.3d 873, 878 (8th Cir. 2018).  In McNaught,

(footnote continued)

Finally, Jiaxing Hoshine alleges procedural harms.  Specifically, it alleges that CBP's decision to add it to the Hoshine WRO list was done without an evidentiary basis or a reasoned justification and is therefore arbitrary and capricious.  Am. Compl at ¶¶ 22, 34, 50.  Further, Jiaxing Hoshine alleges that CBP's denial of its Modification Petition was without justification or valid legal authority, therefore making it arbitrary, capricious, and in violation of the APA.  Id. at ¶¶ 23, 35, 55.  The procedural harms Jiaxing Hoshine alleges are connected to the imminent economic harm and the reputational harm that it alleges.  See Summers, 555 U.S. at 496; Am. Compl. at ¶ ¶ 42, 43; Modification Petition at 3.

Jiaxing Hoshine alleges facts supporting traceability and redressability. Jiaxing Hoshine alleges that CBP's listing of it on the Hoshine WRO has caused it to lose business and damaged its reputation.  Am. Compl. at ¶ 43; Modification Petition at 3—4.  It alleges that its goods are "presumed to have been manufactured with forced labor" because of the Hoshine WRO and therefore cannot be imported into the U.S. Id. at ¶ 42.  Defendants appear to concede traceability, as they explain that CBP's publication of a WRO serves to notify "foreign producers and their importers" that imports subject to the WRO will be detained.  Defs. MTD at 5.  Yet, Defendants

---

the plaintiff alleged that a 14-day suspension constituted reputational harm but failed to allege how or why the suspension would damage her future job prospects. McNaught, 76 F.4th at 771. Likewise, in Auer, the plaintiff failed to plead any facts related to how the city's actions damaged her reputation.  Auer, 902 F.3d at 878. Here, as discussed above, Jiaxing Hoshine pleads facts that its reputation was harmed.  Am. Compl. at ¶ 43; Modification Petition.

speculate that "other economic and market considerations may fully account for the decisions" of Jiaxing Hoshine's customers.  Id. at 18.  Defendants are correct, that a causal chain is more difficult to establish where it requires the actions of third parties.  Dep't of Com. v. New York, 588 U.S. 752, 767—68 (2019).[10]  However, a plaintiff can nonetheless sufficiently allege causation if those third-party actions are predictable.  Id. at 768.  One would expect customers to discontinue business with a company placed on a forced labor WRO by CBP.

Most problematic for Jiaxing Hoshine is the need to satisfy redressability.  Jiaxing Hoshine seeks an order from this Court vacating the Hoshine WRO and vacating and remanding CBP's denial of Jiaxing Hoshine's modification petition.  Am. Compl. at ¶ 12.  Jiaxing Hoshine does not, and it cannot, obtain any redress for the business it alleges it has lost because of the Hoshine WRO and the failure to modify that WRO.  Therefore, if Jiaxing Hoshine's suit rested solely on the past loss of business for injury in fact, Jiaxing Hoshine would lack standing.  Jiaxing Hoshine's other injuries, however, can be redressed by a decision of this Court.  Such a decision could provide Jiaxing Hoshine with the procedure it alleges it has been denied, which in turn could result in a favorable decision from CBP, see Massachusetts v. E.P.A.,

---

[10] In Dep't of Com., the evidence at trial supported the position that the response by third parties was predictable.  Dep't of Com., 588 U.S. at 767—68.  At this stage of litigation, Jiaxing Hoshine has sufficiently pled that its customers have responded in a predictable manner.  See California v. Texas, 593 U.S. 659, 675 (2021).

549 U.S. at 517—18, restoring Jiaxing Hoshine's reputation and preventing imminent economic loss.[11]

## II.    Statutory Standing

Defendants move to dismiss the Am. Compl. for failure to state a claim, arguing that Jiaxing Hoshine lacks statutory standing.  Defs. MTD at 13—16.  Jiaxing Hoshine argues that as a regulated party, it is within the statute's zone of interests. Pl. Resp. at 7—10.  For the reasons that follow, Defendants' motion to dismiss for failure to state a claim is denied.

A plaintiff must also demonstrate that it is within the zone of interests to maintain an action.  Invenergy Renewables LLC v. United States, 422 F. Supp. 3d 1255, 1275 (Ct. Int'l Trade 2019), modified, 476 F. Supp. 3d 1323 (Ct. Int'l Trade 2020) (citing Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 126, 128 n.4 (2014)).[12]  The "zone of interests" refers to whether a particular class of persons

---

[11] Finally, Defendants' argument that Jiaxing Hoshine lacks a constitutional right "to unconditionally import merchandise that potentially violates 19 U.S.C. § 1307 into the United States" misses the mark.  See Defs. MTD at 20 (citing Arjay Assocs. Inc. v. Bush, 891 F.2d 894, 896 (Fed. Cir. 1989)).  The Court of Appeals in Arjay ruled that an importer lacked standing to challenge agency action which undisputedly prevented the importer from importing its goods.  Arjay, 891 F.2d at 898.  The plaintiff in that case did not challenge that it was properly subject to the law at issue, rather it challenged the law at issue.  Id. at 897—98.  This important distinction has previously been recognized by this Court and is adopted here.  See, e.g., Nat'l Customs Brokers & Forwarders Assn. of Am. v. United States, 731 F. Supp. 1076, 1078 (Ct. Int'l Trade 1990).

[12] Lexmark explained "[P]rudential standing is a misnomer as applied to the zone-of-interests analysis," and "[w]e have on occasion referred to this inquiry as 'statutory standing'" (citations omitted).  Lexmark, 572 U.S. at 127, 128 n.4.

Court No. 24-00048                                                                    Page 15
**PUBLIC VERSION**

has a right to sue under the substantive statute, using the traditional tools of
statutory interpretation.  Lexmark, 572 U.S. at 127—28.  In the APA context
however, courts examine whether the plaintiff is regulated by the statute.  Match-E-
Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak, 567 U.S. 209, 224—25
(2012); Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons, 954 F.3d 118, 128 (2d
Cir. 2020).  A party is regulated when its actions are controlled by the rules of a
government.  See Regulate, Black's Law Dictionary (12th ed. 2024) ("[t]o control (an
activity or process) esp[ecially] through the implementation of rules"); see also
Regulate,           Merriam-Webster's          Dictionary,          https://www.merriam-
webster.com/dictionary/regulate (last visited Apr. 11, 2025) ("to govern or direct
according to rule").

  Jiaxing Hoshine's conduct is being regulated by the Hoshine WRO.  As a result
of the Hoshine WRO, its goods are embargoed unless it obtains a modification of the
Hoshine WRO, CBP revokes the Hoshine WRO, or an importer successfully
establishes that the goods are not manufactured with forced labor.[13]  See 19 C.F.R.

---

[13] Defendants also argue that the modification and revocation procedure was
established by CBP as a matter of courtesy.  Defs. MTD at 15.  It is unclear if
Defendants are arguing that because the process is a courtesy, the exporter is not a
regulated party and therefore is not within the zone of interests, or whether separate
and apart from its standing argument, that the modification and revocation
procedures fail to give rise to a cause of action.  Oral Arg. Rec. at 9:45—11:46, Feb. 4,
2025, ECF No. 48 ("Oral Arg. Rec.").  However, Defendants suggest that they have a
distinct failure to state a claim argument available to them that they have not raised
here:

(footnote continued)

§ 12.43.  That Section 1307 regulates importers as well as exporters is of no moment.

Defs. Reply at 3; 19 U.S.C. § 1307.  Defendants correctly point out that Section 1307

prohibits the importation of goods, Pl. Resp. at 4, however, the statute discusses goods

and merchandise "mined, produced, or manufactured wholly or in part in any foreign

country."  19 U.S.C. § 1307.  Defendants argue that the scheme envisioned by

Congress is one where parties can seek relief on an import-by-import basis.  Defs.

Reply at 4 (citing 19 C.F.R. §§ 12.42—12.44).  Nonetheless, the statute does not

provide for the exclusion to operate on an import-by-import basis, rather it calls for

"[a]ll goods, wares, articles, and merchandise…" to be denied entry into the United

States, with no mention of the "entry-by-entry" basis that Defendants assert.[14]  19

U.S.C. § 1307; Defs. Reply at 4.  The statute regulates exporters, and as regulated

parties, they have statutory standing.  See id.

---

the Government does not contend that result of the modification request
is not "agency action," nor does it challenge that the modification request
seeks "relief."  It is the Government's position, although not one before
the Court on the instant motion, that the decision on the modification
request does not constitute final agency action for which relief can be
sought under the Administrative Procedures Act.

Defs. Supp. Brief at 3 n.1.

[14] Although Defendants concede that those regulated by the statute are within the
zone of interests, they argue that there is no hint in the statute that the statute was
meant to protect Jiaxing Hoshine, and it would be inconsistent with the purpose of
the statute to allow foreign exporters to challenge the statute.  Defs. MTD 14—15.
The Court does not understand this argument.  It seems to be saying because the
statute is meant to regulate the foreign exporter that the foreign exporter should not
be allowed to challenge the statute.  But as the government concedes, those regulated
by statutes are within the zone of interest.  Defs. MTD at 14.

### III.  Timeliness

Defendants argue Jiaxing Hoshine's claim in Count I, challenging the validity of the Hoshine WRO, is barred by the statute of limitations.  Defs. MTD at 22; Defs. Reply at 10—12.   Jiaxing Hoshine responds that its "injury did not become manifest until the agency's final, conclusive denial of the Modification Petition[,]" and thus, the statute of limitations does not bar its challenge.  Pl. Resp. at 16—17.  For the reasons that follow, Count I of the Am. Compl. is untimely.

Plaintiff challenges Defendants' issuance of the Hoshine WRO as violative of 19 U.S.C. § 1307 and the APA, 5 U.S.C. §§ 702—706.  The APA provides that "{a} person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.  The Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for— ". . . embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; . . ." 28 U.S.C. § 1581(i).  The applicable statute of limitations bars any claim older than two years. 28 U.S.C. § 2636(i); Mitsubishi Elecs. Am., Inc. v. United States, 44 F.3d 973, 977 (Fed. Cir. 1994) (holding that actions brought under 28 U.S.C. § 1581(i) are subject to the two-year statute of limitations found in 28 U.S.C. § 2636(i)).  Generally, the

statute of limitations begins to run when the cause of action accrues, i.e., when the harm is done. <u>Mitsubishi Elecs. Am., Inc.</u>, 44 F.3d at 977.

The statute of limitations under 28 U.S.C. § 2401(a) for APA claims does not begin until a plaintiff is concretely injured by final agency action. <u>In Corner Post, Inc. v. Bd. Of Governors of Fed. Rsrv. Sys.</u>, 144 S. Ct. 2440, 2443 (2024). "Two conditions must be satisfied for an agency action to be 'final' under the APA: 'First, the action must mark the consummation of the agency's decision-making process,' and 'second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.'" <u>U.S. Army Corps of Eng'rs v. Hawkes Co.</u>, 578 U.S. 590, 591 (2016) (citing <u>Bennett v. Spear</u>, 520 U.S. 154, 177–78 (1997)).

Here, despite Plaintiff's argument that its right to challenge the Hoshine WRO accrued when CBP rejected its modification petition, Pl. Resp. at 15, any challenge to the Hoshine WRO accrued when the WRO was issued. The Hoshine WRO determined rights and obligations for Hoshine and its subsidiaries upon its issuance. <u>See</u> <u>U.S. Army Corps of Eng'rs</u>, 578 U.S. at 591 (citing <u>Bennett</u>, 520 U.S. at 177–78). Jiaxing Hoshine's argument that its injury "did not become manifest" until CBP rejected its modification is without merit.[15] First, Jiaxing Hoshine's claim of reputational harm

---

[15] Notably, Jiaxing Hoshine does not argue that it was required to exhaust the administrative remedy of filing a modification petition prior to challenging the WRO,

(footnote continued)

contradicts its position that it was not really harmed until its modification petition

was rejected.  Am. Compl at ¶¶ 4, 43.  Second, Jiaxing Hoshine's modification efforts,

including its self-audit and petition to CBP, demonstrate that it knew it was subject

to, and was being harmed by, the Hoshine WRO.  See Modification Petition.  Thus,

Jiaxing Hoshine's argument that it had "no reason—and no cause of action—to

challenge the Hoshine Group listing decision" until the modification denial fails.  Pl.

Resp. at 16—17.

---

such that the pendency of that proceeding would toll the statute of limitations.  The
Court of International Trade "shall, where appropriate, require the exhaustion of
administrative remedies."  28 U.S.C. § 2637(d).  As this Court has recently explained,
28 U.S.C. § 2637(d) vests "discretion in the [CIT] to determine the circumstances
under which it shall require the exhaustion of administrative remedies."  Ninestar
Corp. v. United States, 687 F. Supp. 3d 1308, 1324 (Ct. Int'l Trade 2024) (citing
Luoyang Bearing Factory v. United States, 26 C.I.T. 1156, 1186 n.26 (Ct. Int'l Trade
2002)).  However, permissive procedural challenges need not be resolved prior to the
commencement of suit.  See United States v. Cocoa Berkau, Inc., 990 F.2d 610, 615
(Fed. Cir. 1993) (mitigation proceedings were not required by law and therefore their
pendency did not toll the statute of limitations); see also United States v. Canex Int'l
Lumber Sales Ltd., 32 C.I.T. 407, 409 (Ct. Int'l Trade 2008) (permissive proceedings
"need not be resolved prior to the commencement of suit").  Here, the modification
and revocation options are permissive, not mandatory.  See CBP Publication #3447-
1123.  Neither Section 307 nor the regulations set forth a procedure, let alone a
requirement, to seek modification of the WRO prior to commencing suit.  Moreover,
the modification procedure pursued here provided for the review of conduct occurring
after the issuance of the WRO, namely, whether previously identified conduct has
been remediated.  See CBP Publication # 3447-1123; CBP Publication # 3448-1123.
Compare with Canex Int'l Lumber Sales Ltd., 32 C.I.T. at 409 (concluding that
penalty mitigation procedures were permissive not mandatory procedures).

Court No. 24-00048                                                                Page 20
**PUBLIC VERSION**

Alternatively, Plaintiff argues that the statute of limitations should be tolled as a matter of equity.  Pl. Resp. 17—18.  Equitable estoppel may toll the statute of limitations when an individual has pursued a defective pleading within the limitations period or when the party was tricked or induced by an adversary's misconduct.  Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).  The doctrine is used sparingly, and courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin, 498 U.S. at 96 (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984)).  Although Defendants concede they were discussing Jiaxing Hoshine's modification efforts for two years, Defs. MTD at 8, such conduct cannot be considered trickery.  Jiaxing Hoshine's reliance on those discussions effectively concedes that it knew its legal position and it alleges no conduct by Defendants that could be considered trickery or inducement.[16]

## CONCLUSION

Plaintiff, Jiaxing Hoshine has constitutional standing and statutory standing to challenge both the Hoshine WRO and CBP's refusal to modify the Hoshine WRO. Nonetheless, Jiaxing Hoshine's Count I, challenging the Hoshine WRO, is barred by the statute of limitations.

Therefore, it is,

---

[16] Plaintiff appropriately abandoned its continuing violations doctrine argument during oral argument.  Oral Arg. Rec. at 1:08:05—1:08:25.

Court No. 24-00048                                                                      Page 21
**PUBLIC VERSION**

     **ORDERED** that Defendants' motion to dismiss is granted in part and denied

in part; and it is further

     **ORDERED** that Count I of Plaintiff's Am. Compl. is dismissed; and it is

further

     **ORDERED** that Defendants are to file an answer to the Am. Compl. within

21 days of this order; and it is further

     **ORDERED** that, pursuant to U.S. Court of International Trade Rule 16(b)(1),

the parties shall meet and confer, and file a joint proposed scheduling order, within

30 days of the filing of Defendants' answer.


                          /s/ Claire R. Kelly
                          Claire R. Kelly, Judge

Dated:      April 16, 2025
              New York, New York