IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD.,<br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; KRISTI L. NOEM, *in her official capacity as the Secretary of the Department of Homeland Security*; and PETE R. FLORES, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*,<br>　　　　Defendants. | Court No. 24-00048 |

**ORDER**

Upon review of defendant's consent motion for voluntary remand and to stay this matter, and all other pertinent papers, it is hereby

ORDERED that the motions are granted; and it is further

ORDERED that the November 3, 2023 determination by U.S. Customs and Border Protection (CBP) as to Hoshine Silicon (Jia Xing) Industry Co., Ltd.'s (Jiaxing Hoshine) request to modify the withhold release order (WRO) issued to Hoshine Silicon Industry Co., Ltd. (Hoshine), and Hoshine's subsidiaries, is remanded to CBP for reconsideration; and it is further

ORDERED that this matter shall be stayed for a period of 120 days from the date of this order; and it is further

ORDERED that the parties shall file a joint status report within three business days of the expiration of the stay to notify the Court of the status of the administrative proceeding.


Dated: _____                                          _____
      New York, NY                                                            HONORABLE CLAIRE R. KELLY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD., <br>           Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; KRISTI L. NOEM, *in her official capacity as the Secretary of the Department of Homeland Security*; and PETE R. FLORES, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*, <br>           Defendants. | Court No. 24-00048 |

## DEFENDANT'S CONSENT MOTION FOR VOLUNTARY REMAND AND TO STAY THIS MATTER PENDING RECONSIDERATION OF THE ADMINISTRATIVE DETERMINATION

Defendant, the United States, respectfully submits this motion for voluntary remand and to stay this matter pending reconsideration of the administrative determination. Counsel for the plaintiff, Craig Lewis, Hogan Lovells, represented on May 13, 2025, that the plaintiff consents to this motion. As we explain below, the Government requests a voluntary remand to allow U.S. Customs and Border Protection (CBP) to reconsider its previous determination as to Hoshine Silicon (Jia Xing) Industry Co., Ltd.'s (Jiaxing Hoshine) request to modify the withhold release order (WRO) issued to Hoshine Silicon Industry Co., Ltd. (Hoshine), and Hoshine's subsidiaries, which includes Jiaxing Hoshine.

BACKGROUND

Jiaxing Hoshine brought this action to challenge the issuance of the WRO (Count One) as well as CBP's denial of Jiaxing Hoshine's request to modify the WRO to exclude this particular subsidiary from its scope (Count Two). The WRO was issued to Hoshine and its subsidiaries in 2021, and CBP denied Jiaxing Hoshine's request to modify the WRO in 2023. The Government moved to dismiss plaintiff's complaint, asserting that the foreign exporter lacked standing to bring these claims, and, with respect to the issuance of the WRO, that the challenge (brought more than two years after its issuance) was untimely.

On April 16, 2025, this Court entered an order, denying, in part, the Government's motion to dismiss, Docket No. 56. Specifically, the Court found that plaintiff had standing to challenge the WRO and CBP's denial of its modification request. The Court, however, dismissed the challenge to the WRO itself as untimely. Remaining before the Court is Jiaxing Hoshine's challenge to CBP's denial of its request to modify the WRO. Without confessing any error as to CBP's decision, the Government seeks a voluntary remand to allow CBP to permit Jiaxing Hoshine to present additional evidence for the record, and for CBP to reconsider its determination.

ARGUMENT

**I.     The Court Should Remand This Matter Back to CBP**

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1027-28 (Fed. Cir. 2001). "[I]f the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id.* at 1029. An agency's

concerns are substantial and legitimate when "(1) [it] supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013) (citation omitted); *see also SKF*, 254 F.3d at 1029-30 (stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute); *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action").

There is a substantial interest in deferring any judicial decision until CBP has had an opportunity to allow Jiaxing Hoshine to place additional information on the record, to consider this new information, reconsider the existing information and to reconsider its decision. Accordingly, the parties have conferred and agreed as to certain parameters on remand. Specifically:

1. CBP shall review the evidence provided by Jiaxing Hoshine in its original submission;

2. Jiaxing Hoshine may submit additional information in support of its modification request;

3. CBP may issue questions with respect to plaintiff's previous submissions and additional information, as applicable, and provide plaintiff with a reasonable period of time to respond, as requested; and

4. CBP shall issue a new decision on plaintiff's request, considering all of the evidence submitted.

3

A remand will provide the agency the opportunity to reconsider its position and its decision, in light of a full airing of the parties' views on the modification request. If necessary, the parties will be in a better position to litigate the remand decision, and the Court will be in a better position to evaluate that decision and the support for that decision.

Moreover, a remand will not unnecessarily delay a final determination by the agency. Briefing with respect to the substance of the agency's decision has not yet taken place. A remand for re-examination, and reconsideration, could save the parties, and the Court, time and expense in the long term. In addition, a remand would allow CBP "to cure its own potential mistake rather than needlessly wasting the Court's and the parties' resources." *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 25 (D.D.C. 2008) (granting motion for voluntary remand).

For these reasons, the Government respectfully requests that its consent motion to remand this matter back to CBP be granted.

## II.     This Matter Should Be Stayed Pending The Results Of A Remand

Pursuant to the Court's most recent order, Docket No. 63, the Government is required to file an answer to the Amended Complaint and the administrative record by May 14, 2025. Should the Court grant our motion for voluntary remand, we request that the Court stay this matter for 120 days while the parties engage in the administrative process. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

4

The Government's proposed stay would preserve party and judicial resources. Irrespective of the remand determination, the result of the remand will be a new administrative determination on plaintiff's request for removal from the Hoshine WRO. This new determination will supersede the determination being challenged in Count Two – the only remaining count – of the Complaint.

The parties propose an initial stay of 120 days while CBP re-considers plaintiff's modification request and issues its re-determination. Within three business days of the conclusion of the stay, the parties propose to provide the Court with a status report to both inform the Court of the status of the administrative proceeding, and seek any additional relief necessary to effectuate the orderly administration of this matter. The stay that the Government proposes would, therefore, preserve party and Court resources while keeping the Court apprised of the status of plaintiff's request.

CONCLUSION

For these reasons, we respectfully request that this Court grant our consent motion for voluntary remand, and stay the matter during the pendency of the administrative process.

<table>
<tr><td></td><td>Respectfully submitted,<br><br>YAAKOV M. ROTH<br>Acting Assistant Attorney General<br>Civil Division<br><br>PATRICIA M. McCARTHY<br>Director<br><br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office</td></tr>
<tr><td>By:</td><td>/s/ Aimee Lee<br>AIMEE LEE<br>Assistant Director<br><br>/s/ MONICA P. TRIANA<br>MONICA P. TRIANA<br>Senior Trial Counsel<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza – Suite 346<br>New York, New York 10278<br>(212) 264-9240<br>*Attorneys for Defendant*</td></tr>
</table>

Dated: May 14, 2025

6