UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; MARKWAYNE MULLIN, *in his official capacity as the Secretary of the Department of Homeland Security*; and RODNEY S. SCOTT, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection*, <br><br> *Defendants*. | Court No. 24-00048 <br><br> **NONCONFIDENTIAL VERSION** |

**AMENDED COMPLAINT**

Hoshine Silicon (Jia Xing) Industry Co., Ltd. (unless otherwise indicated, "Plaintiff" or "Jiaxing Hoshine"), by and through counsel, brings this Complaint against Defendant United States of America, Defendant U.S. Department of Homeland Security ("DHS"), Defendant U.S. Customs and Border Protection ("CBP"), Defendant Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security, and Defendant Rodney S. Scott, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection (collectively, "Defendants") 1/, and alleges as follows:

---

1/    Pursuant to USCIT R.25(d), the officer previously named in this suit's successor in office is automatically substituted as a party.

1

**SUMMARY OF THE ACTION**

1.      This action contests the decisions made by the Defendants to take certain adverse actions against Plaintiff, as further specified and described below, under the purported authority of Section 307 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1307 ("Section 307") and related implementing regulations.  These adverse actions have resulted in significant harm to Plaintiff, including continuing economic, contractual, market-related, reputational, and other serious damages, all without a satisfactory evidentiary basis, legal authority, or explanation.  Defendants' conduct violates the Administrative Procedure Act's requirement for reasoned decision-making, is not supported by evidence, and is contrary to law, necessitating intervention to set aside these actions.

2.      Section 307 prohibits the importation of any product manufactured wholly or partially by use of forced labor, including forced or indentured labor.  CBP enforces this provision, in part, through the issuance of Withhold Release Orders ("WROs") and findings, preventing the importation of goods produced using forced labor in foreign countries.  19 C.F.R. § 12.42, *et seq*.

3.      In June 2021, CBP issued a WRO on silica-based products made by "Hoshine Silicon Industry Co., Ltd. and its subsidiaries."  U.S. Customs and Border Protection, *Withhold Release Orders and Findings List*, https://www.cbp.gov/trade/forced-labor/withhold-release-orders-and-findings (last accessed on February 15, 2024) (the "WRO Listing Decision").  The WRO Listing Decision also applies to materials and final goods derived from or produced using those silica-based products, regardless of where the materials and final goods are produced.  CBP, *Hoshine Silicon Industry Co. Ltd Withhold Release Order Frequently Asked Questions*, https://www.cbp.gov/trade/programs-administration/forced-labor/hoshine-silicon-industry-co-ltd-withhold-release-order-frequently-asked-questions (last accessed on February 15, 2024).

4.      The WRO Listing Decision, which was issued without prior notice to Plaintiff, has resulted in continuing significant and irreparable damage to Plaintiff's business and reputation. Yet to date, CBP has not provided Plaintiff with basic information relating to its listing decision, let alone reports or data demonstrating the factual basis substantiating the grounds for the agency's action.  Indeed, CBP's June 24, 2021, press release announcing the WRO states that Hoshine Silicon Industry Co., Ltd.—the parent company of Plaintiff—is "a company located in China's Xinjiang Uyghur Autonomous Region."  CBP Press Release, *The Department of Homeland Security Issues Withhold Release Order on Silica-Based Products Made by Forced Labor in Xinjiang*, https://www.cbp.gov/newsroom/national-media-release/department-homeland-security-issues-withhold-release-order-silica (last accessed on February 15, 2024); a statement that factually incorrect.  Both Plaintiff and its parent company are located in Zhejiang Province, which is thousands of miles away from Xinjiang.  To this day, the Defendant has not disclosed what specific evidence, if any, CBP relied upon to determine that Plaintiff or its affiliates have used forced labor in the manufacture of silica-based products.

5.      On September 20, 2021, Plaintiff's external international trade counsel met by phone with several CBP officers (including from the Office of Trade's Operation and Forced Labor Divisions) to discuss the WRO Listing Decision.  During this teleconference, Plaintiff contested CBP's forced labor allegations and requested that CBP lift the WRO.  Plaintiff's external counsel also sought clarification and guidance from CBP on two key issues – (1) the procedural steps involved in making a WRO removal/modification request, and (2) the evidence identified by CBP that led to its conclusion that Hoshine Silicon Industry Co., Ltd. and its subsidiaries have used forced labor in the manufacture of silica-based products.  CBP declined to disclose any additional evidence or reasons for the WRO Listing Decision.  During the meeting, the participating CBP

officers described a WRO removal/modification procedure and indicated that unannounced, third-party audits of labor practices would be considered compelling evidence supporting an entity's removal from a WRO.

6. Acting on CBP's recommendation, Jiaxing Hoshine promptly engaged a third-party consultant to enhance an anti-forced labor policy and procedure. Jiaxing Hoshine also enlisted the services of a reputable third-party auditor to assess its production facilities and labor practices. Additionally, significant time and financial resources were invested in gathering and translating the documentation related to Jiaxing Hoshine's supply chain tracing.

7. On October 11, 2022, Jiaxing Hoshine's external international trade counsel held another teleconference with CBP's Forced Labor Division. In this meeting, Plaintiff presented evidence and documentation supporting its WRO Removal Application and sought CBP's feedback on the application. During the meeting, CBP officials expressed general agreement with the approach Plaintiff was undertaking to address and rectify the concerns related to forced labor allegations.

8. On September 12, 2023, following the specific guidance provided by CBP, Jiaxing Hoshine submitted a complete petition (the "Modification Petition") to CBP seeking to modify the Hoshine WRO. *See* **Exhibit 1**, Cover Letter of Modification Petition. The Modification Petition asked, at minimum, that Jiaxing Hoshine be removed from the WRO Listing. The Modification Petition also asked CBP to exclude from the WRO a specific and narrowly defined supply chain for products made by Jiaxing Hoshine—the identified supply chain is located entirely outside of Xinjiang and involves no use of forced labor.

9. On November 3, 2023, CBP summarily denied the Modification Petition. Letter from CBP Forced Labor Division to Hogan Lovells US LLP (Nov. 3, 2023) (the "Denial Letter").

The Denial Letter asserts that "modification of a WRO for only one specific supply chain would undermine the general principle upon which CBP bases its forced labor enforcement efforts, which is that companies subject to a WRO are to demonstrate full remediation of all forced labor indicators present at all of company locations subject to the WRO."  *See* **Exhibit 2,** the Denial Letter.

10.    On February 20, 2024, Jiaxing Hoshine filed a summons and complaint against Defendants.  ECF Nos. 1 and 5.  On March 20, 2024, Jiaxing Hoshine filed an amended Confidential Complaint.  ECF No. 17.

11.    Defendants ultimately filed a motion to dismiss the case in lieu of an answer, ECF Nos. 27-28, on August 23, 2024, to which Jiaxing Hoshine responded on October 18, 2024, ECF Nos. 33-34.  Defendants replied on November 8, 2024, ECF Nos. 35-36.  Oral argument was held on February 4, 2025.

12.    On April 16, 2025, this Court granted in part and denied in part Defendants' motion to dismiss, dismissing Count I of Plaintiff's Confidential Complaint and ordering Defendants to file an answer to Count II.  ECF No. 56.

13.    Following additional procedural activity, on May 6, 2025, Defendants moved for a remand of the WRO Listing, which this Court granted on May 14, 2025.  This Court also stayed the matter until September 11, 2025.  ECF No. 65.

14.    On March 4, 2026, Defendants filed the confidential and public remand redetermination, which was issued by CBP to Jiaxing Hoshine on February 24, 2026.  ECF Nos. 81-82.  In its remand redetermination, CBP continued to find that Jiaxing Hoshine "has not sufficiently demonstrated full and effective remediation of all forced labor conditions in its

operations and supply chain" and therefore did not exclude Jiaxing Hoshine from the scope of the WRO Listing. *Id.*

15.    This Court issued a scheduling order on March 18, 2026, ordering Defendants to file an administrative record by April 14, 2026 (later extended by paperless order to April 21, 2026) and providing Plaintiff with an opportunity to file its amended complaint by April 28, 2026. ECF No. 84, as modified by ECF No. 96.

16.    According to CBP guidance, in seeking to modify the scope of an existing WRO, a party subject to the WRO must demonstrate to CBP that it has rectified all eleven International Labour Organization ("ILO") indicia of forced labor.  If this requirement has been met, CBP indicates in its guidance that it will suspend the enforcement of the WRO against the specific party. CBP, *How are WRO and/or finding modifications and revocations processed* (Oct. 2021), https://www.cbp.gov/sites/default/files/assets/documents/2021-Oct/Slicksheet_Forced%20Labor %20How%20are%20WRO%20Finding%20Modifications%20or%20Revocations%20Processed %20508%20Compliant_0.pdf (last accessed on Feb. 18, 2024).  The Denial Letter did not address whether Jiaxing Hoshine had met this requirement.  CBP claims that a regulated entity must remediate "all of company locations subject to the WRO" in order to merit a modification, and on that basis alone rejected the Modification Petition.  There is no legal basis to deny the Modification Petition on such grounds.

17.    Considering the foregoing, CBP has acted unlawfully with respect to Jiaxing Hoshine in at least three ways.  First, CBP has failed to disclose what evidentiary basis, if any, existed for its finding that Plaintiff or its affiliates have used, or continue to use, forced labor in the manufacture of silica-based products.  Even a "reasonabl[e] but not conclusive[]" evidentiary standard requires *some* evidence.  More importantly in the context of a WRO modification request,

sharing such particularized information is essential to enable Jiaxing Hoshine to address and remediate activities CBP believes may constitute the use of forced labor within the meaning of the statute.  Despite repeated attempts by Jiaxing Hoshine's representatives to obtain additional information regarding the evidentiary basis for the WRO Listing Decision and the Denial Letter, CBP has refused to provide any further information on the factual basis for its decisions.

18.    Second, CBP has failed to apply the correct evidentiary standard for a Modification Petition, and its remand redetermination and the maintenance of the WRO Listing as to Jiaxing Hoshine is therefore unlawful.  CBP's remand redetermination purports to rely on the same evidentiary standard to maintain a WRO Listing as is used for issuing a WRO Listing in the first instance.  But this contradicts CBP's own regulations, which indicate that the "reasonabl{e} but not conclusive{}" standard applies only for the initial WRO listing.  19 C.F.R. § 12.42(e).  After listing, the regulations require CBP to "*determine*{}" that "the merchandise is subject to the provisions" of section 307, which generally requires a finding by a preponderance of the evidence.  *Id.* 12.42(f) (emphasis added).  In its remand determination, CBP failed to expressly identify which standard it applied to the denial of the Modification Petition.  But CBP's analysis reveals that CBP used, at best, a mere "reasonable cause to believe" standard.  This renders CBP's determination contrary to law.

19.    Third, CBP's remand redetermination failed to properly weigh the evidence before it, instead repeatedly drawing unwarranted inferences from what the agency acknowledged were gaps in the evidentiary record.  This failure to appropriately analyze the evidence renders CBP's determination arbitrary and capricious.

20.    Indeed, CBP's corrected administrative record contains no explanation of the affirmative evidence supporting the continued application of the WRO to Hoshine.  On April 22,

2026, CBP submitted to the Court its corrected administrative record, identifying the documents and materials upon which it purportedly relied in deciding to maintain the WRO. *See* ECF Nos. 86-95, 99-110. Yet, notwithstanding the hundreds of pages submitted, the record remains devoid of material showing what gave rise to CBP's original determination that Plaintiff or its affiliates have used, or continue to use, forced labor in the manufacture of silica-based products—or what evidence CBP weighed against the information Jiaxing Hoshine submitted. For all of these reasons, CBP has acted in a manner that is unlawful. This Court should vacate CBP's determinations to (a) add Plaintiff to the WRO List, and (b) deny Plaintiff's WRO Modification Petition, including specifically its decision not to exclude Jiaxing Hoshine from the WRO.

## **PARTIES**

21. Jiaxing Hoshine is a wholly owned subsidiary of Hoshine Silicon Industry Co., Ltd. and is organized and exists under the laws of the People's Republic of China. Jiaxing Hoshine is located at No. 530, Yashan West Road, Zhapu Town, Pinghu City, Zhejiang Province, China. The principal products made by Jiaxing Hoshine include silicone, silicone gum, precipitated silicone rubber, fumed silicone rubber, siloxane, and room temperature vulcanized silicone rubber. Jiaxing Hoshine's entire supply chain is located outside of Xinjiang Province.

22. Defendant the Department of Homeland Security is a federal agency headquartered in the District of Columbia with its principal office located at 245 Murray Lane S.W., Washington, D.C. 20528. Among its duties, DHS leads CBP.

23. Defendant U.S. Customs and Border Protection is a federal agency headquartered in the District of Columbia with its principal office located at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229. CBP is an agency within DHS. Among its duties, CBP enforces federal laws regulating the importation of goods into the United States.

24.     Defendant Secretary Markwayne Mullin is sued solely in his official capacity as Secretary of DHS.  In that capacity, Secretary Mullin has the ultimate responsibility for the activities of DHS and CBP, including the actions complained of herein.  Secretary Mullin maintains an office at 245 Murray Lane S.W., Washington, D.C. 20528.

25.     Defendant Rodney S. Scott is sued solely in his official capacity as the Senior Official Performing the Duties of the Commissioner for CBP.  In that capacity, Mr. Scott is responsible for the activities of CBP, including the actions complained of herein.  Mr. Scott maintains an office at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229.

26.     The United States of America is amenable to service through the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Department of Justice.  USCIT R. 4(h).

## JURISDICTION AND VENUE

27.     This Court has jurisdiction under 28 U.S.C. § 1581(i).

28.     Section 1581(i)(1), (C) provides:

> {T}he Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for— . . .
>
> (C) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; . . .

29.     This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702-706, and 19 U.S.C. § 1307.  The APA provides that "{a} person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  *See* 5 U.S.C. § 702.

9

30.    CBP's WRO Listing Decision to add Plaintiff to the WRO List, its Denial Letter with respect to the Modification Petition, and its Remand Determination are each final agency action within the meaning of the APA, for which review can be sought in this Court.

31.    CBP's actions have directly caused Jiaxing Hoshine concrete and imminent harm that is redressable by this Court.  Jiaxing Hoshine therefore has standing to bring this suit.

## STATEMENT OF FACTS

### Legal Background

32.    Since the enactment of the Tariff Act of 1930, Pub. L. No. 71-361, 46 Stat. 590, federal law has prohibited importation of any goods or merchandise produced wholly or in part in any foreign country by forced labor.  19 U.S.C. § 1307.

33.    Enforcement of 19 U.S.C. § 1307 is made, *inter alia*, through issuance of WROs. Any individual who has "reason to believe that any class of merchandise that is being, or is likely to be, imported into the United States" is being produced by forced labor may communicate that belief to CBP.  Port directors and other principal customs officers must report such instances to the CBP Commissioner.  Persons outside of CBP may also submit allegations online.  Upon receipt, the CBP Commissioner is required to initiate an investigation "as appears warranted" by the amount and reliability of the submitted information.  If the Commissioner finds the information "reasonably but not conclusively indicates" that imports may be the product of forced labor, then she or he is to issue an order to withhold release of such goods pending further instructions. 19 CFR § 12.42.

34.    A WRO allows CBP to detain the products in question at all U.S. ports of entry until/unless importers can prove the absence of forced labor in their products' supply chain. *See* U.S.  Customs  and  Border  Protection,  *Withhold  Release  Orders  and  Findings  List,*

https://www.cbp.gov/trade/forced-labor/withhold-release-orders-and-findings (last accessed on February 15 , 2024).

35.    WRO modification or revocation requests may be submitted to CBP.  The evidence must show the subject merchandise was not produced, manufactured, or mined in whole or in part using forced labor, and is no longer being produced with forced labor.  After issuance of WRO modification, CBP will suspend enforcement of a WRO once it "determines the foreign entity subject to the WRO has remediated all indicators of forced labor."  After issuance of WRO revocation, CBP will "remove a foreign entity from the scope of the WRO once it has determined it was not engaged in forced labor."  CBP, *How are WRO and/or finding modifications and revocations processed* (Oct. 2021), https://www.cbp.gov/sites/default/files/assets/documents/2021-Oct/Slicksheet_Forced%20Labor%20How%20are%20WRO%20Finding%20Modifications%20or%20Revocations%20Processed%20508%20Compliant_0.pdf (last accessed on Feb. 18, 2024).

**Plaintiff's Business**

36.    Jiaxing Hoshine is a wholly-owned manufacturing subsidiary of Hoshine Silicon Industry Co., Ltd., and is located in Zhejiang Province, China.  Jiaxing Hoshine's entire supply chain is located outside of Xinjiang.  The principal products produced by Jiaxing Hoshine include silicone gum, precipitated silicone rubber, fumed silicone rubber, siloxane, and room temperature vulcanized silicone rubber.

37.    Before issuance of the WRO in June 2021, the production facility of Jiaxing Hoshine in Zhejiang Province exported silica-based products to the United States.  Its customers in the United States included companies from chemical, construction, textile, and automotive industries.

38.     Prior to June 2021, CBP had never suggested that any of Plaintiff's products violated 19 U.S.C. § 1307. Plaintiff therefore has never had difficulties demonstrating to CBP that its products could lawfully be imported into the United States.

**The WRO Listing Decision and WRO Modification Request**

39.     In June 2021, CBP identified and added "Hoshine Silicon Industry Co. Ltd. and its subsidiaries" to the forced labor Withhold and Release Order List. This action was publicly announced in a June 24, 2021 CBP press release, which identified Plaintiff's parent Hoshine Silicon Industry Co. Ltd. as "a company located in China's Xinjiang Uyghur Autonomous Region." The press release also stated: "The Withhold Release Order instructs personnel at all U.S. ports of entry to immediately begin to detain shipments containing silica-based products made by Hoshine and its subsidiaries." Without disclosing any details about the factual basis for its decision, CBP in conclusory fashion identified two of the International Labour Organization's indicators of forced labor in Hoshine's production process: intimidation and threats, and restriction of movement. CBP, *The Department of Homeland Security Issues Withhold Release Order on Silica-Based Products Made by Forced Labor in Xinjiang* (June 24, 2021), https://www.cbp.gov/newsroom/national-media-release/department-homeland-security-issues-withhold-release-order-silica (last accessed on February 15, 2024).

40.     CBP's statement that Hoshine Silicon Industry Co. Ltd. is "a company located in China's Xinjiang Uyghur Autonomous Region" is wrong. Hoshine Silicon Industry Co., Ltd. is instead located in Zhejiang Province, which is thousands of miles away from Xinjiang. Similarly, Plaintiff Jiaxing Hoshine is also located in Zhejiang Province, far from Xinjiang.

41.     The WRO Listing Decision and Press Release comprise the only notice or explanation Plaintiff has ever received concerning CBP's listing actions or the evidence underlying

12

that action.  To this day, CBP has not provided further explanation or disclosed any supporting evidence to Plaintiff, publicly or otherwise, regarding its decision to add Hoshine Silicon Industry Co., Ltd., and its subsidiaries to the WRO List.

42.     CBP also failed to give notice to Plaintiff that it would be placed on the WRO list. CBP never conducted any public hearing, reported investigation, or adjudication regarding Plaintiff and its labor practices prior to the WRO Listing Decision.  CBP also never contacted Plaintiff prior to the announcement of the WRO Listing Decision.  Neither Plaintiff nor its parent Hoshine Silicon Industry Co., Ltd. was afforded an opportunity to confront and address the specific factual evidence, if any, underlying CBP's decision to issue the WRO.

43.     On September 20, 2021, Jiaxing Hoshine's external counsel met with several CBP officials to communicate the company's willingness to cooperate with CBP's inquiries.  Plaintiff also contested the validity of any forced labor allegations and requested CBP to lift the WRO.  In the meeting, Plaintiff's external counsel also sought clarification of two key issues – (1) the procedural steps involved in a WRO removal and modification request, and (2) specific errors identified in and related to the supporting evidence relied on by CBP in promulgating the WRO Listing Decision.  The CBP officials participating in this meeting declined to provide any further explanation or evidentiary basis for the WRO Listing Decision.  CBP did offer specific recommendations to Plaintiff if the company decided to submit a WRO removal/modification request, communicating that unannounced third-party audits would be considered compelling evidence supporting a removal/modification.

44.     Following CBP's recommendation, Plaintiff acted promptly by engaging a third-party consultant to enhance a company-wide anti-forced labor policy and procedure.  Moreover, Plaintiff hired a reputable third-party auditor to assess its production facility.  Additionally,

significant time and financial resources were invested in gathering and translating documentation related to its supply chain tracing.  This comprehensive process aimed at addressing the allegations raised by CBP.

45.    On October 11, 2022, Plaintiff's counsel held another teleconference with CBP. Plaintiff's external counsel presented the evidentiary documentation gathered to support a WRO modification application and sought CBP's feedback and guidance on the appropriateness of that pathway.  The participating CBP officers expressed agreement with the general approach identified by Plaintiff to address and rectify CBP's concerns related to forced labor allegations, including the planned modification petition.

46.    On September 12, 2023, in accordance with CBP guidelines, Plaintiff submitted a petition for modification of the WRO to remove Jiaxing Hoshine's supply chain for silicone products from the Hoshine WRO.  The Modification Petition is over 10,000 pages long, includes over 1,400 documentary exhibits, and provides clear, accurate, complete, and irrefutable evidence that all silica-based products and materials used to produce these products in Plaintiff Jiaxing Hoshine's supply chain are made outside of Xinjiang Province and do not include materials produced using forced labor.  On this basis, Jiaxing Hoshine sought approval for the modification of the Hoshine WRO to exclude silicone products produced by Jiaxing Hoshine in its production facility located in Jiaxing City, Zhejiang Province, China.

47.    On November 3, 2023, the WRO modification petition was summarily denied by CBP.  There was no indication from the Denial Letter that CBP ever reviewed and evaluated the evidence submitted by Jiaxing Hoshine in support of the Modification Petition.  Nor did CBP provide any explanation whether the Modification Petition sufficiently documented that the facility

in question and associated supply chain was free of forced labor.  Rather, the Denial Letter solely

asserted, without citing reference or authority, as follows:

> {The} modification of a WRO for only one specific supply chain would undermine the general principle upon which CBP bases its forced labor enforcement efforts, which is that companies subject to a WRO are to demonstrate full remediation of all forced labor indicators present at all of company locations subject to the WRO.

No statute, regulation, or written policy is referenced in CBP's denial letter to support its decision

to deny the Modification Petition, and no legal support exists.  CBP's November 3, 2023, decision

was unsupported by law and was both arbitrary and capricious.

48.    Because Defendants have refused to disclose the grounds for the charge or the

contents of the record, Plaintiff is unable to fully evaluate the other ways in which the agency's

conduct is unlawful.

49.    Defendants' remand redetermination of February 24, 2026, continues to deny the

Modification Petition by Jiaxing Hoshine, on the purported basis that Jiaxing Hoshine has "not

sufficiently demonstrated full and effective remediation of all forced labor conditions in its

operations and supply chain."  However, it is clear from the remand redetermination that CBP

failed to address the evidence submitted by Jiaxing Hoshine demonstrating that its supply chain is

located entirely outside of Xinjiang Province and is entirely free of forced labor, or in the

alternative that Jiaxing Hoshine has demonstrated full and effective remediation of any alleged

forced labor conditions in its operations and/or supply chain.  The remand redetermination also

applied the wrong standard for maintaining an entity on the WRO list.  Accordingly, the remand

redetermination is unlawful and arbitrary and capricious in violation of the APA.  ECF Nos. 81-

82; *see* 5 U.S.C. § 706(2)(A).

**Injuries Caused by the WRO Listing Decision and Denial of WRO Modification Petition**

50.     Plaintiff Jiaxing Hoshine is harmed by the agency actions described above. By virtue of the listing, Jiaxing Hoshine's goods are automatically presumed to have been manufactured using forced labor and, therefore, cannot be imported into the United States directly or indirectly.

51.     The WRO Listing Decision has seriously harmed Jiaxing Hoshine's reputation with its business partners and customers. As a direct result of the Listing Decision, Plaintiff has been the subject of disparaging accusations and damaging rumors. **[**

**]**.

52.     The cumulative effect of these challenges underscores the far-reaching consequences of the WRO Listing Decision on Jiaxing Hoshine's business operations and financial standing.

53.     Lastly, following the specific guidance provided by CBP, Jiaxing Hoshine submitted a Modification Petition to CBP seeking to modify the Hoshine WRO. Plaintiff's efforts to seek relief were initially rejected by CBP without explanation, in violation of the APA.

54.     CBP's denial of the Modification Petition following the remand redetermination decision also continues to harm and injure Plaintiff. Plaintiff's goods remain completely barred from the United States today.

**CLAIM FOR RELIEF**

**COUNT ONE**

**5 U.S.C. § 706 INITIAL DENIAL OF WRO MODIFICATION PETITION**

55.    Plaintiff hereby incorporates by reference paragraphs 1 through 54 of this Complaint.

56.    CBP's unlawful denial of the WRO Modification Petition has adversely affected Plaintiff, as CBP's final decision effectively leaves it with no means to sell and ship goods either directly or indirectly to their U.S. customers.  *See* 5 U.S.C. § 702.

57.    CBP's Denial Letter constitutes final agency action, in accordance with 5 U.S.C. § 704, because it "mark{s} the consummation of the agency's decisionmaking process" and "the action {is} one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotation marks omitted).  Indeed, Plaintiff's efforts to seek relief have been rebuffed by the agency and Plaintiff's goods are today completely barred from the United States.

58.    The APA requires courts to hold unlawful and set aside agency action, findings, and conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law{.}"  5 U.S.C. § 706(2)(A).  "The requirement that agency action not be arbitrary or capricious includes a requirement that the agency adequately explain its result." *Pub. Citizen, Inc. v. FAA*, 988 F.2d 186, 197 (D.C. Cir. 1993);  *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins.Co.*, 463 U.S. 29, 43 (1983) (explaining that an agency acts unlawfully when it fails to "articulate a satisfactory explanation for its action.").

59.    CBP's refusal to consider Plaintiff's WRO Modification Petition and the summary denial of that petition is unlawful because CBP failed to provide an adequate explanation for the

refusal to consider the Modification Petition and the grounds asserted in support for the denial are not supported by the facts or the law.  *Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1325 (Fed. Cir. 2017) ("{An} agency must explain why it decides any question the way it does.  That obligation means that the agency must 'articulate a satisfactory explanation' of its reasoning; it may not simply provide a conclusion." (citations omitted)).

## COUNT TWO

### 5 U.S.C. § 706 DENIAL OF WRO MODIFICATION PETITION BY REMAND REDETERMINATION IS CONTRARY TO LAW

60.     Plaintiff hereby incorporates by reference paragraphs 1 through 59 of this Complaint.

61.     CBP's unlawful denial of the WRO Modification Petition has adversely affected Plaintiff, as CBP's final decision effectively leaves it with no means to sell and ship goods either directly or indirectly to their U.S. customers.  *See* 5 U.S.C. § 702.

62.     CBP's Remand Redetermination constitutes final agency action within the meaning of 5 U.S.C. § 704 because it "mark{s} the consummation of the agency's decisionmaking process" and "the action {is} one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotation marks omitted).  Indeed, Plaintiff's goods are today completely barred from the United States.

63.     The APA requires courts to hold unlawful and set aside agency action, findings, and conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law{.}"  5 U.S.C. § 706(2)(A).

64.     CBP's refusal to grant Plaintiff's WRO Modification Petition and the denial of that petition is unlawful because CBP applied the incorrect evidentiary standard.  After initial WRO listing, CBP regulations require the agency to "determine{}" that "the merchandise is subject to

18

the provisions" of section 307 of the Tariff Act of 1930.  19 C.F.R. § 12.42(f).  That formal finding must be based on a preponderance of the evidence.  *See, e.g., Ninestar Corp. v. United States*, 687 F. Supp. 3d 1308, 1333 (Ct. Int'l Trade 2024).  Although CBP did not expressly address what evidentiary standard it was applying, its reasoning indicates that it applied the same "reasonabl{e} but not conclusive" standard that it employed for the original listing.  *Id*. § 12.42(e).  That renders its decision not in accordance with law.

65.    In addition, CBP failed to provide affirmative evidence of Jiaxing Hoshine's alleged forced labor practices, instead recounting in its remand redetermination mere concerns it had with the evidence provided by Jiaxing Hoshine, without providing any affirmative evidence of its own.  Indeed, the "corrected" administrative record is devoid of any analysis beyond what is included in CBP's remand redetermination, confirming that CBP has only ever considered evidence placed on the record by Jiaxing Hoshine and has never provided affirmative evidence that any forced labor practices exist in Jiaxing Hoshine's supply chain.  Such action is contrary to law.  *See, e.g. Nat. Res. Def. Council, Inc. v. EPA*, 859 F.2d 156, 210 (D.C. Cir. 1988) ("{M}ere speculation" does not constitute "adequate grounds upon which to sustain an agency's action.").

## COUNT THREE

### 5 U.S.C. § 706 CBP'S REMAND DETERMINATION IS ARBITRARY AND CAPRICIOUS

66.    Plaintiff hereby incorporates by reference paragraphs 1 through 65 of this Complaint.

67.    CBP's Remand Determination constitutes agency conduct that is arbitrary and capricious.

68.    An agency's decision is arbitrary and capricious if it fails to "examine the relevant data and articulate a satisfactory explanation for its action" by not "including a 'rational connection

between the facts found and the choice made.'" *State Farm Mut. Auto Ins. Co.*, 463 U.S at 43 (1983); (explaining that an agency acts unlawfully when it fails to "articulate a satisfactory explanation for its action."). The Court "looks for a reasoned analysis or explanation for an agency's decision as a way to determine whether" an agency's decision is "arbitrary, capricious, or an abuse of discretion." *YC Rubber Co. (North America) LLC v. United States*, 415 F.Supp.3d 1240, n. 13 (Ct. Int'l Trade 2019).

69.     CBP's Remand Determination is arbitrary and capricious because CBP articulated neither a governing evidentiary standard nor any reasoned basis tying the record evidence to its outcomes. Further, CBP failed to adequately weigh and analyze the evidence in the record, including Jiaxing Hoshine's evidence showing that it did not employ forced labor. *Aqua Prods*., 872 F.3d at 1325 ("{An} agency must explain why it decides any question the way it does. That obligation means that the agency must 'articulate a satisfactory explanation' of its reasoning; it may not simply provide a conclusion." (citations omitted)).

70.     CBP's actions are further arbitrary and capricious because the agency never explained or revealed what evidence it was relying on in making its determination—or even what specific labor practices and by what entities are at issue. This failure to disclose and explain deprived Jiaxing Hoshine of a meaningful opportunity to rebut the evidence against it, as revealed by the agency's failure to explain how it was weighing that evidence against the agency's undisclosed information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

(1)     Declare that Defendants have acted in an unlawful manner in violation of the APA by unlawfully failing to provide a reasoned explanation for the WRO Listing Decision that is

supported by law and evidence and by failing to provide an opportunity for Plaintiff to confront the evidence relied upon by the agency;

(2)     Declare that Defendants have acted in an unlawful manner in violation of the APA by unlawfully denying Jiaxing Hoshine's application for modification of the WRO, or to provide a reasoned explanation for the denial of WRO Modification Petition;

(3)     Vacate CBP's determination to add Plaintiff to the WRO List;

(4)     Vacate CBP's determination to deny Plaintiff's WRO Modification Petition;

(5)     Vacate CBP's remand redetermination as void;

(6)     Order CBP to remove Plaintiff from the WRO List;

(7)     Award Plaintiff its attorneys' fees, expert witness fees, and all other reasonable expenses incurred in pursuit of this Action under 28 U.S.C. § 2412; and

(8)     Grant Plaintiff such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Craig A. Lewis
Craig A. Lewis
Jonathan T. Stoel
Emma T. Hunter

**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel for Plaintiff*

Date: May 5, 2026

21