UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD., <br><br>         *Plaintiff*, <br><br><br>         v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; MARKWAYNE MULLIN, *in his official capacity as the Secretary of the Department of Homeland Security*; and RODNEY S. SCOTT, *in his official capacity as the Commissioner for U.S. Customs and Border Protection*, <br><br>         *Defendants*. | Court No. 24-00048 |

## PLAINTIFF'S MOTION TO COMPLETE THE ADMINISTRATIVE RECORD

Plaintiff Hoshine Silicon (Jia Xing) Industry Co., Ltd. (Jiaxing Hoshine) respectfully requests that this Court issue an order directing Defendants to complete the corrected administrative record. On its face, that record is devoid of critical materials upon which Customs and Border Protection (CBP) based its remand determination. By withholding these materials from the record, Defendants have failed to comply with their obligation to submit the complete record. This failure frustrates Plaintiff's ability to challenge the remand determination and stymies effective judicial review. On May 19, 2026, Plaintiff's counsel emailed Defendants' counsel requesting that Defendants complete the record and seeking a response by May 22. Having not heard back from Defendants' counsel, on May 27, Plaintiff's counsel again emailed Defendants' counsel, requesting Defendants' position. As of the date of filing, Defendants' counsel has not responded to Plaintiff's request.

Black-letter law dictates that the Court's review in Administrative Procedure Act (APA) cases like this one "is to be based on the full administrative record that was before the {agency} at the time {it} made {its} decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *see also* 5 U.S.C. § 706 (the "court shall review the whole record or those parts of it cited by a party"). Thus, a reviewing court "should have before it neither more nor less information than did the agency when it made its decision." *IMS, P.C. v. Alvarez,* 129 F.3d 618, 623 (D.C. Cir. 1997). That includes "all documents and materials directly or indirectly considered by agency decision-makers" in reaching their conclusion. *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1355 (Ct. Int'l Trade 2020) (quoting *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989)); *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010) ("It is the agency's responsibility to compile for the court all information it considered either directly or indirectly."). "If the relevant agency decisionmakers considered, even indirectly, any internal guidelines, memoranda, manuals or other materials in reaching its decision, those materials should be included in the record." *Ammex, Inc. v. United States,* 62 F.Supp.2d 1148, 1156 (Ct. Int'l Trade 1999).

The reason is obvious: the administrative record needs to be "complete" so that the Court can ultimately determine whether the agency "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, {or} offered an explanation for its decision that runs counter to the evidence before the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). For this reason, even in circumstances where an agency has certified the record as complete, courts regularly permit completion of the record—including through "limited discovery"—upon a showing "that there is a reasonable basis to believe that materials considered by agency decisionmakers are not

in the record." *Ammex*, 62 F.Supp.2d at 1156; *see also Southern Cross Seafoods, LLC v. United States*, 658 F.Supp.3d 1336, 1342 (Ct. Int'l Trade 2023) (completion is appropriate where plaintiff provides "reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record") (quotes and citation omitted).

That is the case here.  By its own terms, CBP's remand evaluated whether Plaintiff should remain on the Withhold Release Order (WRO) list in light of the additional information Plaintiff provided.  *See "WRO Modification Petition – Hoshine Silicon (Jia Xing) Industry Co., Ltd. Final Remand Redetermination*," (CBP, Feb. 24, 2026) ("Remand Redetermination"), ECF Nos. 81, 82 at page 1 (explaining that CBP issued a WRO to Plaintiff in 2021 based on "evidence that reasonably but not conclusively" indicated use of forced labor, and that the WRO forms the basis of decision on which the 2025 modification determination is considered).  Under the governing statute, CBP was required to include in the record of that remand "a copy of the contested determination and the findings or report upon which such determination was based."  28 U.S.C. § 2635(d)(1).  Yet, despite this requirement, the corrected administrative record Defendants submitted consists only of a compilation of general articles regarding forced labor, previous orders from this Court, and the voluminous substantive questionnaire responses and materials submitted by Plaintiff in response to CBP's information requests.  Defendants have not identified or produced *any* specific evidence supporting its initial decision to issue a WRO with respect to Hoshine Silicon (Jia Xing) Industry Co., Ltd. or its affiliates.  This is impermissible.  Under any standard, the initial WRO decision and the underlying evidence would be something the agency at least indirectly considered in conducting a subsequent review of whether to maintain the WRO designation against Plaintiff.  *See, e.g.*, *Bond Street, Ltd. v. U.S.*, 35 C.I.T. 370 n.1 (2011) (noting that "{t}he complete administrative record in this action includes the record compiled by Commerce during the initial

3

scope proceeding, as well as the record that the agency compiled in the course of the remand proceeding."); *see also Ad Hoc Shrimp Trade Enforcement Committee v. United States*, 578 F.Supp.3d 1310, 1318-19 (Ct. Int'l Trade 2022) (holding that an agency conducting review of a prior determination must consider the entire administrative record underlying the prior determination and cannot properly evaluate that determination without the materials on which it was based). And that is especially true here, given that CBP's remand evaluated and weighed Plaintiff's evidence against some (unknown and undisclosed) evidence that the agency had in its files. *See* Remand Redetermination.

The closest the record comes to identifying the internal materials on which CBP relied is a press release announcing the agency's decision to place Plaintiff on the WRO list. *See* ECF No. 81 ¶ II.A.2. But a press release is merely an explanatory communication reflecting the outcome of the agency's decision—not the underlying evidence upon which that decision was based. *See, e.g.*, *Friends of Alaska National Wildlife Refuges v. Bernhardt*, No. 3:18 CIV 00029 SLG 2019 WL 1976475 at *3 (D. Alaska Jan. 10, 2019) (excluding the Department of the Interior's Press Release from the administrative record by holding that "although Federal Defendants are correct that the Press Release was a nearly contemporaneous 'additional explanation and a cohesive articulation of the Secretary's decision,' the Press Release did not form the basis for the Secretary's decision."). The administrative record is devoid of the latter.

Defendants' failure to provide the underlying documentation or material to support their conclusion to issue and maintain a WRO with respect to Plaintiff and/or its affiliates frustrates the Court's ability to review the legality of the agency's remand. As Plaintiff makes clear in its amended complaint, it wishes to contest that remand on two separate legal bases. The first of these is CBP's failure to apply the correct standard of review. Am. Compl. ¶¶ 60-65 (Count II); and the

second is CBP's failure to reasonably weigh the evidence and provide a reasoned basis for its decision. *Id.* ¶¶ 66-70 (Count III). Neither of these challenges can be meaningfully reviewed without access to the underlying materials on which CBP relied—and against which it evaluated Plaintiff's remand submission. Indeed, the absence of these materials frustrates Plaintiff's ability to substantiate its claims for summary judgment. Without the materials that formed the basis of CBP's decision, Plaintiff is hard pressed to establish all the ways in which CBP has failed to provide a reasoned basis for its decision. Indeed, Plaintiff is currently unable to comprehensively scrutinize CBP's reasoning because the record is entirely bereft of the materials that formed the basis of that reasoning. Without that evidence in the record, there can be no meaningful evaluation of the agency's reasoning or its application of the facts to its ultimate determination.

For these reasons, Plaintiff respectfully requests that the Court direct Defendants to complete the administrative record with all the documentation and materials that the agency directly or indirectly considered in making the WRO determination with respect to Plaintiff and/or its affiliates.

> Respectfully submitted,
>
> /s/ Craig A. Lewis
> Craig A. Lewis
> Jonathan T. Stoel
> Emma T. Hunter
>
> **HOGAN LOVELLS US LLP**
> Columbia Square
> 555 Thirteenth Street, N.W.
> Washington, DC 20004-1109
> (202) 637-8613
> craig.lewis@hoganlovells.com
>
> *Counsel for Plaintiff*

Date: May 27, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HOSHINE SILICON (JIA XING) INDUSTRY CO., LTD.,<br><br>    *Plaintiff*,<br><br>      v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; MARKWAYNE MULLIN, *in his official capacity as the Secretary of the Department of Homeland Security*; and RODNEY S. SCOTT, *in his official capacity as the Commissioner for U.S. Customs and Border Protection*,<br><br>    *Defendants*. | Court No. 24-00048 |

## ORDER GRANTING MOTION TO COMPLETE THE ADMINISTRATIVE RECORD

Upon consideration of Plaintiff's Motion to Complete the Administrative Record, Defendants' response thereto, and all other pertinent papers, it is hereby

**ORDERED** that the Motion to Complete the Administrative Record is hereby granted; and it is further

**ORDERED that** Defendants provide all documentation or materials that were directly or indirectly considered by CBP in making the WRO determination with respect to Plaintiff and/or its affiliates by no later than one week from the date of this order.

       _____,
       THE HONORABLE CLAIRE R. KELLY, JUDGE

Dated _____, 2026
  New York, New York